Morgan v. Morgan.

CHARLES H. MORGAN vs. FLORENCE MORGAN.

First Judicial District, Hartford, May Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Chapter 227 of the Public Acts of 1923, which provides that certain actions for divorce shall be dismissed unless one of the parties has "continuously resided in this State three years next before the date of the complaint," is not a grant of limited jurisdiction to the Superior Court, but a limitation upon its pre-existing general jurisdiction "to grant divorces to any man or woman," conferred by § 5280 of the General Statutes.

To meet the requirement of Chapter 227, proof of an actual continued residence within the State for the three-year period must appear, though it is not necessary that it be literally uninterrupted.

The continuous residence expressly prescribed by the statute means something more than mere legal domicil which, in the absence of legislation to the contrary, is always necessarily implied as an indispensable condition of divorce jurisdiction.

From the substantive rule that one domicil persists until a new one is acquired, it follows that proof of the acquisition of a new domicil of choice is not complete without evidence of an abandonment of the old.

In the present case, the parties intermarried in Massachusetts and remained there until 1918, when they moved to the plaintiff husband's summer cottage in Seneca Falls, New York. In the fall of that year, they took an apartment in Syracuse where they

Morgan *v.* Morgan.

resided until October, 1919, at which time the defendant deserted the plaintiff. In the following December, the plaintiff engaged a room in the home of friends in Hartford for which he regularly paid rent and which he occupied three or four times a year for two or three days at a time until the commencement of the present action in April, 1924. Throughout this period, he retained his summer cottage at Seneca Falls where most of his personal effects were kept, maintained a furnished room in Syracuse, and registered his automobile in New York, describing himself in the application blanks as a resident of Syracuse. *Held:*

1. That the trial court properly concluded that the plaintiff had not continuously resided in this State for three years next before the date of his complaint.

2. That the facts found did not justify, much less require, the conclusion that he had ever abandoned his domicil in New York, where he continued his registration as a voter until after the commencement of the action.

3. That, although the fact that his transient mode of life was due in large measure to the demands of his employment as a traveling salesman, was entitled to some weight in determining whether he had "continuously resided" in this State, it could not serve to exempt him from the necessity of meeting the statutory conditions which the State, for reasons of public policy, has imposed upon the granting of divorces.

4. That the trial court was likewise without jurisdiction to make any order concerning the custody of the parties' minor child.

5. That the lack of jurisdiction to hear and determine the case on its merits did not deprive the trial court of power to make orders for allowances to defend, since the public interest requires that every wife, contesting an action for divorce, shall have full opportunity to present her version of the case.

A motion for an allowance to defend as appellee in this court should be addressed to the Superior Court.

Argued May 5th—decided July 30th, 1925.

ACTION for divorce on the ground of desertion, in which the defendant filed a cross-complaint for similar relief, brought to the Superior Court in Hartford County and tried to the court, *Jennings, J.;* judgment rendered dismissing both the complaint and the cross-complaint, from which both parties appealed. *No error.*

The plaintiff husband alleged that he had resided continuously in this State three years next before the date of the complaint, and claimed a divorce on the ground of desertion; the defendant, who is herself a resident of California, admitted the plaintiff's residence as alleged, and by cross-complaint also claimed a divorce on the ground of desertion. Each party claimed the custody of a female child, five years old at the date of the trial.

The court finds the facts as to plaintiff's residence as follows: For twenty-six years the plaintiff has been employed as a traveling salesman by a New York corporation located near Syracuse. In December, 1917, he married the defendant at Everett, Massachusetts, where she then resided with her mother. At that time plaintiff covered the New England territory, so-called, and confined his sales thereto. Plaintiff and defendant lived with defendant's mother until the summer of 1918, when they moved to plaintiff's summer cottage at Seneca Falls, New York. In the fall of 1918 they moved to an apartment leased by plaintiff in Syracuse, until the lease expired in October, 1919. Soon afterward the defendant returned with her baby to Everett, saying that she would no longer live with plaintiff. At the same time plaintiff announced that he intended to remove to Hartford in this State, and did come to Hartford in December, 1919, where he engaged a room in the home of friends, for which he has since paid rent, and has occupied it three or four times a year for two or three days at a time, up to the date of this action in April, 1924. Plaintiff formerly voted at Seneca Falls, but has not voted there for the past five years. He has not registered or voted in this State until the fall of 1924, for the reason that extended business trips prevented him from doing so. He has formed no intention to remove elsewhere.

During the last two years the plaintiff has been assigned to cover territory outside of New England, and this has prevented him from coming to Hartford as much as when he had the New England territory. During all this period plaintiff has retained the ownership of his Seneca Falls cottage where most of his personal effects are.

Until the spring of 1924 he maintained a room in Syracuse under conditions similar to those under which he has maintained the room in Hartford. He also owned and maintained an automobile used in his business in the territory near Syracuse, and in 1922 and 1923, registered the same in New York, and in doing so gave his residence as Syracuse.

On these facts the court concluded that the plaintiff had not continuously resided in Connecticut three years next before the date of the complaint in this action, and judgment was entered dismissing the complaint and cross-complaint for want of jurisdiction.

To provide for a possible reversal on the question of jurisdiction the court has also made findings disposing of the merits of the controversy.

Plaintiff appeals from the judgment dismissing the cause for want of jurisdiction, and defendant appeals from the provisional findings on the merits.

*Albert S. Bill,* for the appellant (plaintiff).

*Roger W. Davis,* for the appellant (defendant).

BEACH, J. Chapter 227 of the Public Acts of 1923 provides that "if the plaintiff shall not have continuously resided in this State three years next before the date of the complaint, it shall be dismissed unless the cause of divorce shall have arisen subsequently to the removal into this State, or unless the defendant shall

have continuously resided in this State three years next before the date of the complaint, and actual service shall have been made upon him."

The plaintiff's claim is, first, that the word "resided" as used in the statute, is synonymous with "been domiciled"; and second, that the facts found require the conclusion that the plaintiff has been continuously domiciled in this State three years next before the date of the complaint.

The term residence when found in statutes defining jurisdiction for divorce may or may not be synonymous with domicil. Much depends on the form and substantive effect of the statute, as well as on the context in which the word is used. When the requirement as to residence is a part of the grant of jurisdiction, so that the divorce court stands on the footing of a court of limited jurisdiction, the tendency has been to construe the term residence as meaning domicil, in order that all the conditions, requisite to the exercise of jurisdiction over the subject-matter by a court of limited jurisdiction, may be found in the grant itself.

Our Superior Court does not, however, derive its jurisdiction over the subject-matter from Chapter 227 of the Public Acts of 1923, but from § 5280 of the General Statutes, which confers a general jurisdiction to "grant divorces to any man or woman" for any cause authorized by law.

The general jurisdiction thus conferred is of ancient origin. It was first conferred on the Court of Assistants in 1667, and transferred to the Superior Court when that court was organized to take the place of the Court of Assistants in 1711. A requirement of three years' residence, "if the petitioner shall have removed from any other State or Nation to this State," was first enacted in 1797. Compiled Statutes of 1808, p. 237. These two statutory provisions have

Morgan *v.* Morgan.

come down to us as separate sections of our divorce laws, and it is quite unnecessary to import by construction jurisdictional terms into Chapter 227 of the Public Acts of 1923, which is not a grant of limited jurisdiction, but a limitation on a pre-existing general jurisdiction. When this necessity is out of the way, it seems plain that the requirement that the plaintiff shall have "continuously resided" in this State three years next before the date of the complaint refers to an actual residence and not simply to the maintenance of a common-law domicil within the forum which does not necessarily require any continued residence here. The better considered cases hold that such is the effect of provisions requiring residence for a stated period as a condition of suing for divorce. *Jenness* v. *Jenness,* 24 Ind. 355; *Tipton* v. *Tipton,* 87 Ky. 243, 8 S. W. 440; *Pate* v. *Pate,* 6 Mo. App. 49; *Michael* v. *Michael,* 34 Tex. Civ. App. 630, 79 S. W. 74.

*Sawtell* v. *Sawtell,* 17 Conn. 284, seems to assume, though the precise question did not arise, that the statute then in force required actual residence for three years. While it must be conceded that nonresidents may lawfully acquire a domicil in this State for the purpose of obtaining a divorce, we think our statute was intended to guard against possible abuse of that privilege by requiring nonresident plaintiffs to prove not only the establishment of a new common-law domicil here, which might be accomplished without any prolonged residence here by personal presence in this State and the absence of intent to remove elsewhere, but also to prove actual residence within the State continued for three years before the date of the complaint. It is not necessary that the residence should be literally uninterrupted. *Morehouse* v. *Morehouse,* 70 Conn. 420, 426, 39 Atl. 516. But the word "continuously" must be given some adequate meaning, and it cer-

tainly is not satisfied by the plaintiff's presence in this State "three or four times a year, for two or three days at a time." No doubt some allowance must be made for the exigencies of the plaintiff's business as a traveling salesman, but "there can be no such thing as a 'legal right' to a divorce vested in any married person." *Allen* v. *Allen,* 73 Conn. 54, 55, 46 Atl. 242.

The State allows divorces not as a favor to one party or as a punishment to the other, but for reasons of public policy and only upon the conditions laid down by statute.

We are of opinion that the Superior Court did not err in holding that the plaintiff had not "continuously resided" in this State three years next before the date of the complaint.

It is also almost universally recognized as a prerequisite to jurisdiction of divorce that one of the parties should be domiciled in the forum at the time when the action is commenced. In the absence of a statute expressly dispensing with that necessity, no court of one of our United States would be likely to assume jurisdiction to alter the marital status of a husband and wife, who were domiciled in another sovereign State. In the case before us the Superior Court has not adjudged that the plaintiff had acquired a domicil in this State at the date of the complaint. It is said in the memorandum of decision filed by the trial judge, which is made a part of the finding, that "especially in view of the fact that the plaintiff has been made a voter here and has given up his voting privilege in Seneca Falls, it might well be considered that Hartford was his legal domicil." The finding, however, is that the plaintiff has never registered or voted in Connecticut "until this fall," meaning the fall of 1924, and the complaint is dated April 14th, 1924; so that the most significant act indicating an intention

to acquire a domicil here, as distinguished from a residence, did not occur until several months after the commencement of the action.

It is also elementary that the former domicil persists until a new domicil is acquired, and hence proof of the acquisition of a new domicil of choice is not complete without evidence of an abandonment of the old. *Plant* v. *Harrison*, 36 Misc. 649, 655, 74 N. Y. Supp. 411, 415. By this test also the finding fails to require, or to justify, the conclusion that the plaintiff had acquired a new domicil here at the commencement of the action, for up to the time when he applied to be made a voter in Hartford, the plaintiff's conduct evidences no intention to abandon his former domicil at Seneca Falls, where he still owns a summer cottage where most of his personal effects remain, and which appears to be his "home," in so far as he has one.

The memorandum of decision, to which we may refer for this purpose because, as already noted, it is made part of the finding, recites the relevant facts and then states the issue as follows: "Can a traveling man, having no former ties, business, family or social, in Connecticut, by maintaining a room in Hartford and occupying the same for very brief periods, at irregular intervals, and declaring his intention to make this his legal residence, the only important motive of his change of residence being the more liberal divorce laws of Connecticut, be held 'to have continuously resided in this State three years next before the date of the complaint'?" We have answered that question in the negative, and we may add that, on the facts found, he cannot be held to have acquired a domicil in Connecticut, at or before the date of the complaint, because there is no finding, and no evidence which would support a finding, of an abandonment of his former domicil in Seneca Falls prior to that date.

From the fact that the Superior Court was without jurisdiction to hear and determine this action of divorce, it follows that it had no jurisdiction to make any order as to the custody of the child. *Dunham* v. *Dunham*, 97 Conn. 440, 117 Atl. 504.

We are of opinion, however, that the court did have jurisdiction to make the orders for an allowance and for an additional allowance to defend. Such orders are made in divorce actions because the interest of the State requires that the defendant wife should have full opportunity to present her version of the facts; whether that may lead to a judgment on the merits or to a dismissal of the complaint for want of jurisdiction, the public interest is served.

The motion for allowance to defend in this court as appellee may be addressed to the Superior Court.

There is no error.

In this opinion the other judges concurred.