HELEN L. FOSS vs. ARCHIBALD C. FOSS.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

It is a prerequisite to jurisdiction over an action for divorce that one of the parties be domiciled in the forum at the time when it is commenced.

A person's domicil involves an actual residence, which need not be a prolonged one, coupled with the intention to make the place of residence his home, that is, his established or permanent place of abode. This intention, which is a question of fact, may be expressly found by the trial court or it may be a necessary inference from subordinate facts showing a residence so permanent as to exclude the existence of an intention to make a domicil elsewhere and so permanent as to exclude an existing intention to return to the former domicil.

The terms "reside" and "residence" are occasionally used, as shown by the context in which they appear, with the meaning of domicil.

When they intermarried in September, 1913, both parties lived in Darien and thereafter, their places of residence were successively as follows: New York City until the spring of 1914; Darien until the autumn of the same year; New York City until the following spring; Darien during the three ensuing

Foss *v.* Foss,

years; and then in New York City until June, 1924, when the plaintiff wife went West and visited her father until November, at which time she rejoined the defendant who, in the meantime, had resumed his residence in Darien and there maintained it for about nine months before the present action was commenced in April, 1925, but, as found by the trial court, with no "intention of permanently remaining, nor has it been the intention of the plaintiff, since instituting this action, of permanently remaining in this State." The trial court granted the plaintiff a judgment for divorce, basing its jurisdiction upon that portion of Chapter 227 of the Public Acts of 1923 which dispenses with the requirement of three-years residence if "the cause of divorce shall have arisen subsequently to the removal into this State." *Held* that the trial court erred, since, under the statute, mere residence, unaccompanied by the elements constituting domicil was insufficient to confer jurisdiction upon the court; that if the defendant husband's domicil was in New York until June 1st, 1924, it must be held to have continued there in the absence of proof that he had acquired another domicil in Connecticut or elsewhere; and that since, upon the facts found, the plaintiff's domicil, which followed that of her husband, was not in this State, the action should have been dismissed.

A judgment-file drawn to meet the requirement of § 240, p. 299 of the Practice Book, that "where only a part of the material allegations put in issue by the pleadings are found for the prevailing party the judgment must indicate the particular facts that are found," is equivalent to a finding that the issues not contained in the recited allegations were not proven.

Even though the question of the trial court's jurisdiction is not raised upon appeal, it is the duty of this court to consider it either at the suggestion of counsel or upon its own motion, and if want of jurisdiction appears, to dismiss the action.

Argued November 9th, 1926—decided January 28th, 1927.

ACTION for divorce upon the ground of alleged intolerable cruelty, in which the defendant filed a cross-complaint for a divorce upon the same ground, brought to the Superior Court in Fairfield County and tried to the court, *Booth, J.;* judgment for the plaintiff and appeal by the defendant. *Error; Superior Court directed to dismiss the action for want of jurisdiction.*

*Carl Foster,* with whom was *Warren F. Cressy,* for the appellant (defendant).

*John F. Keating* and *Norris E. Pierson,* for the appellee (plaintiff).

WHEELER, C. J. This is an appeal by the defendant from a judgment granting a divorce to the plaintiff on the ground of intolerable cruelty. Three separate grounds of jurisdiction were alleged in the complaint, two of which are within the express provisions of' General Statutes, § 5286, as amended by Chapter 227 of the Public Acts of 1923, and the third was held by the trial court to be within the fair implications of another of the grounds of jurisdiction named in this section. Manifestly, the finding fails to support the two which are within the express terms of the statute. The trial court assumed jurisdiction upon the third ground, that alleged in paragraph third of the complaint, that "the plaintiff removed into this State on or about November 5th, 1924, and has resided continuously therein since said date, and cause of divorce as set forth in this complaint arose after said removal."

The provision of Chapter 227 of the Public Acts of 1923, upon which the trial court relied to support the ground of divorce·thus alleged, is as follows: "If the plaintiff shall not have continuously resided in this State three years next before the date of the complaint, it shall be dismissed unless the cause of divorce shall have arisen subsequently to the removal into this State." The Superior Court thus has jurisdiction to grant a divorce to one for a cause of divorce which has arisen subsequently to his removal into this State. The statute does not specify whether the applicant be a resident of, or domiciled within, the State, nor what duration of residence shall be sufficient. If mere

residence would suffice, a week or even a day would suffice. There is nothing in the statute to require the period or any part of the period (five months) during which plaintiff is alleged to have continuously resided in this State. A mere residence, whether continuing five months, more or less, would then be sufficient to give our court jurisdiction of an action for divorce which arose after the applicant removed into this State. Our court was early called upon to determine what would give a court jurisdiction for such a cause of divorce. In *Sawtell* v. *Sawtell,* 17 Conn. 284, 287, we said: "If the parties both become inhabitants of this State, having their domicil here, and then the husband becomes habitually intemperate, treats his wife with intolerable cruelty, or commits adultery a divorce may be granted, although there has not been a residence of three years within this State." In the recent case of *Morgan* v. *Morgan,* 103 Conn. 189, 195, 130 Atl. 254, we said: "It is also almost universally recognized as a prerequisite to jurisdiction of divorce that one of the parties should be domiciled in the forum at the time when the action is commenced. In the absence of a statute expressly dispensing with that necessity, no court of one of our United States would be likely to assume jurisdiction to alter the marital status of a husband and wife, who were domiciled in another sovereign State." Of a divorce obtained in South Dakota, we said: "Domicil on the part of the plaintiff was a necessary condition precedent to the jurisdiction of the court, since the situation presented no other feature capable of furnishing jurisdiction of the *res,* to wit, the existing marriage status." *Gildersleeve* v. *Gildersleeve,* 88 Conn. 689, 692, 92 Atl. 684. Domicil may be acquired without a prolonged residence. *Morgan* v. *Morgan,* 103 Conn. 189, 130 Atl. 254, Two conditions must obtain in order to estab-

lish a domicil, an actual residence coupled with the intention to make the place of residence one's home, that is, his established or permanent place of abode. *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 177-180, inclusive, 132 Atl. 902. The intention may be found by the trial court, or it may be a necessary inference from the facts found of a "residence . . . so permanent as to exclude the existence of an intention to make a domicil elsewhere, and so permanent as to exclude an existing intention to return" to the former [domicil. *Hartford* v. *Champion,* 58 Conn. 268, 276, 20 Atl. 471. Sometimes we find courts have used residence with the meaning of domicil as was shown by the context. It was thus used in *Gildersleeve* v. *Gildersleeve,* 88 Conn. 689, 692, 92 Atl. 684.

It needs neither argument nor authority to demonstrate that the plaintiff upon the facts found could not have acquired a domicil independent of that of her husband. The plaintiff's domicil followed that of her husband. *Mason* v. *Fuller,* 36 Conn. 160, 162; *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 176, 132 Atl. 902. But the defendant's domicil has not been found by the trial court, or facts found from which the domicil might be found, either in New York where he resided from 1914 to June 1924, when he removed to Connecticut, or elsewhere. If the finding showed that the defendant had a domicil in New York during this period, or at about the time he removed to Connecticut, that domicil continued until he had established another. There is no claim by the plaintiff that the defendant husband had attempted to establish a domicil in Connecticut. Since the plaintiff wife's domicil followed that of her husband, her right to maintain her action is dependent upon her establishment of her husband's domicil in Connecticut at the time she brought this action in April, 1925.

The only facts found which have relation to the husband's domicil are these: When they were married on September 9th, 1913, they were both residents of Darien in this State. Immediately after their marriage they lived in New York City until the spring of 1914, when they went to live in Darien and remained there until the autumn of that year, when they returned to New York City and remained there until the spring of 1915. At this time they purchased a house in Darien and occupied it for three years. After that time and until June, 1924, they resided in different places in New York City. At this time the plaintiff went to her father's home in Wisconsin, remaining there and in Minneapolis until about November 1st, 1924, when she returned to New York City intending to make her residence wherever her husband and child resided, and was there met by defendant and told by him that he had closed up their apartment in New York and taken up his residence in Darien, and was sent by him there, to the house then occupied by him. Soon after his wife, the plaintiff, had gone, in June, 1924, to her father in Wisconsin the defendant closed their apartment in New York, removed all their furniture therefrom and stored it, and went to Darien, where he took up his residence with their child in a house belonging to his sister, and has resided there ever since. When this action was brought he had thus resided in Darien about nine months. The court finds: "The defendant, however, did not return to Connecticut in the summer of 1924 with the intention or permanently remaining, nor has it been the intention of the plaintiff, since instituting this action, of permanently remaining in this State." The court sustained defendant's claim that he "in returning to the State of Connecticut on November 5th, 1924, had no intention of permanently remaining in the State of

Connecticut." If not all, these are, at least, all of the salient facts found which have a bearing upon this point.

Domicil, as we have pointed out, consists of two features, an actual residence in a place accompanied by the intention to make that the ordinary dwelling-place, that is, the home, of the person. *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 177-180, 132 Atl. 902. Sometimes this intention is expressed in the making of one's established or permanent place of abode with no present intention of removing elsewhere. We emphasized this in *Gildersleeve* v. *Gildersleeve,* 88 Conn. 688, 692, 92 Atl. 684, when we said: "The trial court has found that Mr. Gildersleeve in 1894, 'went to Sioux Falls in the State of South Dakota to reside, and there resided for about two years.' The word 'reside,' as also its cognate 'residence,' is employed in a wide variety of significations. It is evident, however, that the trial court did not use it in the passage quoted to indicate a mere bodily presence or temporary sojourn, but as descriptive of an established place of abode adopted with no present intention of removing elsewhere, and thus as synonymous with domicil." In the case before us we have no finding that the defendant had the intention of making his residence in Darien his home or his established place of abode. Intention is a fact; the court should have found it as a fact had the evidence supported it. Not only did the court not so find, but its finding that the defendant did not return to Connecticut with the intention of permanently remaining in Connecticut, or of making it his home, was, so far as it goes, adverse to the existence of a domicil. Since the court has not found that the defendant had the intention of making Darien his permanent residence, or his established dwelling-place or home, the court could not have

found, or held, that the defendant's domicil was in Connecticut when this action was instituted. It has not been claimed by either of the parties that the trial court intended, in its finding that the defendant has resided in Darien since returning there about July, 1924, to use "reside" in the sense in which the trial judge used it in *Gildersleeve* v. *Gildersleeve, supra,* as "an established place of abode adopted with no present intention of removing elsewhere, and thus as synonymous with domicil." In the light of the finding of the court, "reside" as used by it was not susceptible of this construction.

The court's memorandum of decision shows that its decision was not based upon a finding that the plaintiff was domiciled in Darien because that was the domicil of her husband, but upon its construction of that portion of the statute upon which paragraph three of the complaint was based. The court sustained the claim of counsel for the plaintiff upon the construction of this statute, and his application of this construction to the facts stated in paragraph three of the complaint; which, as counsel say, the court sustained and "rested its jurisdiction upon these facts." This claim counsel for the plaintiff develop in their brief in these words: "It must be noted, that the statute determining jurisdiction in this case (Chapter 227 of the Public Acts of 1923) makes no requirement of continuous residence in this State, by the plaintiff, after removing into this State and up to the time of the commencement of the divorce action, nor of technical domicil herein. It is true that the allegations of said paragraph three allege her continuous residence in this State, after her removal here, and we claim that the facts found establish it; but the statute has no such specific requirement. The statute evidently intended that where both parties became inhabitants

of this State, and then a cause of divorce arose here, a divorce might be granted by our courts, irrespective of the length of residence of the parties in this State." The trial court evidently entertained this construction of this statute and held that any actual residence in Connecticut of a plaintiff gave our court jurisdiction of a cause of divorce which arose after the plaintiff had become a resident of the State. The court had not then had the advantage of seeing the opinion in *Morgan* v. *Morgan, supra,* announced somewhat later, or it would have held that it was not the fact of an actual residence, but of a domicil of the plaintiff which would give the court jurisdiction.

In conclusion we discuss two questions of procedure. It is true, as the opinion states at its beginning, that the plaintiff alleged in paragraphs two and four of her complaint two causes of divorce which fall within the express provisions of General Statutes, § 5286, as amended by Chapter 227 of the Public Acts of 1923, viz.: "2. The defendant has resided continuously in this State three years next before the date of this complaint." "4. The plaintiff was domiciled in this State at the time of said marriage and before bringing this complaint for a divorce has returned to this State with the intention of permanently remaining." The finding does not support either of these causes of action. The judgment recites that the court finds "the following allegations of the complaint to be proved and true." Among these are the allegations of paragraph three of the complaint quoted in an earlier part of the opinion, upon which the court based its decree, and nowhere in this recital appear the allegations in paragraphs two and four of the complaint. This judgment-file is equivalent to a finding that none of the issues not contained in the recited allegations were found proved. General Statutes, § 5795; Rules

Under Practice Act, p. 299, § 240, provide: "Where only a part of the material allegations put in issue by the pleadings are found for the prevailing party the judgment must indicate the particular facts that are found." This rule was complied with in this judgment-file. Counsel for the plaintiff assert in their brief: "We contended at the trial, and still contend that the facts found also sustain the allegations of said paragraph four of the complaint." It is to be noted that this is a claim based upon the facts found, which plaintiff contends support this ground of action, and not a claim that facts outside the finding should have been found which would have supported this ground. Counsel for the plaintiff do not make this latter claim and have not sought to correct this finding, nor to have the allegations of paragraph four reviewed in any other way.

Counsel for the defendant-appellant stated among the questions of law which the appellant desired to have reviewed: "Whether or not the court . . . has jurisdiction by reason of any residence of the plaintiff or defendant to grant a decree of divorce in the premises." The court inserted in the fourth division of the finding the claims of law made by the defendant upon the trial; paragraph six of which is as follows: "That the court under the facts necessarily to be found had no jurisdiction or power to grant a decree of divorce." This claim the court expressly finds it overruled. In the second division of the finding the court inserted the conclusions reached by it; the second of which is as follows: "The court has jurisdiction to hear and determine this action." The defendant-appellant included in his appeal, in assignment of error two, the court's second conclusion quoted above, and in assignment of error sixteen, the court's overruling of his claim of law in paragraph six, quoted above

Counsel for the defendant in their brief made the question of jurisdiction their first and predominant reason of appeal discussed. Had they not raised the question of jurisdiction, it would have been our duty at any time our attention was directed to it by counsel, or upon our own motion, to have considered it, and upon it appearing that the Superior Court had no jurisdiction over this action, to have dismissed it. *Wheeler* v. *New York, N. H. & H. R. Co.,* 71 Conn. 270, 282, 41 Atl. 808; *Chzrislonk* v. *New York, N. H. & H. R. Co.,* 101 Conn. 356, 359, 125 Atl. 874; *Hazzard* v. *Gallucci,* 89 Conn. 196, 201, 93 Atl. 230. Since the finding does not sustain a conclusion, or holding, that either of the parties was domiciled within the State, the trial court should have dismissed the case for want of jurisdiction.

There is error, the judgment is set aside and the Superior Court directed to dismiss the action for want of jurisdiction.

In this opinion the other judges concurred.