STANMORE P. MARSHALL *v.* LORAINE G. MARSHALL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 8—decided March 10, 1944.

*Foster K. Sistare,* for the appellant (defendant).

*George C. Morgan,* for the appellee (plaintiff).

JENNINGS, J. This case is concerned with the jurisdiction of the court to entertain a suit for divorce and involves the construction of General Statutes, § 5181.

This provides, in part: "If the plaintiff shall not have continuously resided in this state three years next before the date of the complaint, it shall be dismissed. . . ."

The finding, as corrected, discloses the following facts on the question of jurisdiction: Plaintiff and defendant were married in 1919. Since 1921 the plaintiff has been a dentist, commissioned in the United States Navy. He has been stationed at various places in the United States and in 1935 was assigned to New London, where he resided continuously and uninterruptedly for more than three years. He became attached to New London, has ever since claimed it as his residence and intends to return there to live upon his release from the service.

In 1938 the plaintiff was sent to Boston and remained in Massachusetts to the date of trial, 1942, engaged on his service. He moved all of his personal effects there except some civilian clothing, registered his automobile and cabin cruiser, opened a bank account and occupied an apartment under a written lease.

On these facts the trial court concluded that the plaintiff had been continuously a resident of Connecticut for more than three years next before the date of his complaint, December 6, 1940. This conclusion is assigned as error.

In *Morgan* v. *Morgan,* 103 Conn. 189, 130 Atl. 254, it was held that domicil and residence are not interchangeable terms and that both are necessary to give the court jurisdiction of an action for divorce. The following passage from the opinion is pertinent and decisive (p. 194): ". . . the requirement that the plaintiff shall have 'continuously resided' in this State three years next before the date of the complaint refers to an actual residence and not simply to the maintenance of a common-law domicil within the

forum which does not necessarily require any continued residence here. . . . While it must be conceded that nonresidents may lawfully acquire a domicil in this State for the purpose of obtaining a divorce, we think our statute was intended to guard against possible abuse of that privilege by requiring nonresident plaintiffs to prove not only the establishment of a new common-law domicil here, which might be accomplished without any prolonged residence here by personal presence in this State and the absence of intent to remove elsewhere, but also to prove actual residence within the State continued for three years before the date of the complaint. It is not necessary that the residence should be literally uninterrupted. *Morehouse* v. *Morehouse,* 70 Conn. 420, 426, 39 Atl. 516. But the word 'continuously' must be given some adequate meaning, and it certainly is not satisfied by the plaintiff's presence in this State 'three or four times a year, for two or three days at a time.' No doubt some allowance must be made for the exigencies of the plaintiff's business as a traveling salesman, but 'there can be no such thing as a "legal right" to a divorce vested in any married person.' "

In the *Morgan* case, the plaintiff kept a room in Hartford and was actually there three or four times a year for two or three days at a time. This plaintiff, as far as appears, never returned to New London after he left there in 1938. Granting that, in view of his expressed intention and the character of his occupation, New London was still his legal domicil, the conclusion of the trial court that he was "continuously resident" there for three years before the service of his complaint cannot be sustained.

The plaintiff argues that, if this is the law, few service men can satisfy the Connecticut residence requirements because of their service in the armed

forces of the country. Be that as it may, it is within the power of the legislature to grant relief. The courts can only construe the statutes in accordance with the expressed legislative intent. *Lee Bros. Furniture Co. v. Cram,* 63 Conn. 433, 438, 28 Atl. 540; and see *Miner v. McNamara,* 82 Conn. 578, 584, 74 Atl. 933.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment dismissing the complaint.

In this opinion the other judges concurred.