This is an action for divorce and the evidence is ample to sustain the claim of desertion. The difficulty confronting the plaintiff, however, is that neither he nor the defendant has continuously resided in Connecticut three years next before the date when suit was instituted. Both parties are in the armed forces, the plaintiff having entered them on June 4, 1941, and the defendant about six months before the date of the writ. Upon induction, each immediately left Connecticut and each has been located at a camp or training center since that time. Whether the defendant has ever returned to this State does not appear but in the past three and one-half years the plaintiff has spent five or six furloughs, ranging in length up to fifteen days, at his home in New Haven.
The statute is explicit. The significant part requires a three year residence of either spouse to confer jurisdiction upon the court and the three-year period must have been that which next precedes the date of the writ. That the plaintiff's domicile is in Connecticut is true, but he must prove more than that to bring his case to a point where relief may be granted. Domicile and residence are not interchangeable terms and both are necessary to give the court jurisdiction. Morganvs. Morgan, 103 Conn. 189. The statute controls. Marshallvs. Marshall, 130 Conn. 655.
 The petition is dismissed.