Hayes, J.
This is an action of contract 'to recover the amount of -a judgment for alimony recovered on June 30, 1943, against the defendant in the- -Superior 'Court of the State of New Hampshire at 'Concord, New Hampshire-, the amount -of the judgment being $210.84, together with interest thereon at 6% per annum from June 30, 1943. The defendant answered general denial; and further answered that the Superior 'Court of the State of New Hampshire was without jurisdiction of the parties (the plaintiff -and' defendant in these proceedings) or of the cause of action in the trial of the original cause of divorce-, in which judgment was rendered; and that the New Hampshire Oburt could not issue a valid judgment in the divorce proceedings- in New Hampshire- against ,'the defendant.
Prom the evidence- it appeared that the parties in and prior to 193-9 were residents of the State of New Hampshire; that 'they were- married in Lowell, Massachusetts, *55 on March 5, 1939; that they immediately returned to and subsequently lived together ;as- husband and wife in Manchester, New Hampshire, later in Hooksett, New Hampshire, until August or September in 1940, when the defendant was transferred by the management of the “ Chain Store” where he was working in Hooksett, New Hampshire, to Fitchburg, Massachusetts; the wife continued to reside in Hooksett, New Hampshire. The defendant later was transferred to Leominster, Massachusetts; and in the latter part of October, 1941, his wife, the plaintiff in these proceedings, brought some of her household articles to said Leominster where the parties lived 'together, occupying two rooms; all other furniture and personal belongings were left at said Hooksett and were not brought by them from New Hampshire to Massachusetts. In May or June- of 1942 the defendant was transferred to Newburyport, Massachusetts ; the parties then took a cottage at Plum Island, in or near the -City of Newburyport. They lived together in said cottage' at Plum Island until August 7, 1942, when the wife left the husband and returned to live in Manchester, New Hampshire. It appeared that the period of time during which the parties lived in Massachusetts was from the last part of October 1941 to August 7, 1942.
On March 22, 1943, the plaintiff in these proceedings', then living in Manchester, New Hampshire, filed a libel for divorce on the ground of adultery committed on or about June 15, 1943, at Newburyport, Mass., against her husband, the defendant, alleging -herself as of Hooksett, New Hampshire. Libel was .served upon the defendant on March 22, 1943, in Merrimack County, New Hampshire. The defendant was described in said libel as of Newburyport, Essex County, Massachusetts'. He was then living in Newburyport, Massachusetts. The defendant, in the divorce proceedings in the ¡State- of New Hampshire, filed *56 a general appearance and submitted himself to the jurisdiction of that Court. The defendant also filed a stipulation in the New Hampshire Court in the divorce proceedings, stipulating and agreeing, subject to the approval of the 'Court, that the libellant, the wife (the plaintiff in these proceedings) could have 'custody of the minor child of the parties, and the libeHee, (the defendant in these proceedings) was to pay $6.00 per week toward support of the child; to pay certain hospital and doctors’ hills incurred at the time of the birth of the child in the amount of $115.84; and to pay the further sum of $95.00 for other charges, the $115.84 and the $95.00 to be paid on or before October 1, 1943. The New Hampshire Court entered judgment for the libellant in the sum of $210.84, the total of the two above amounts-, as alimony, being the amount declared for in this- action.
The only defense .in these proceedings is to the jurisdiction of the New Hampshire Court of the alleged course of divorce and over the parties in the divorce proceedings on the ground that the parties to the proceedings were domiciled in Massachusetts and not in New Hampshire when the proceedings- were begun- and tried in the- New Hampshire- Court.
At the trial the plaintiff offered in evidence a writing purporting to be an agreement wherein the plaintiff would pay the.sum involved in this action in addition to the sum of six ($6) dollars a week, toward the support of the child:
“In the above entitled libel for divorce, it is hereby stipulated and agreed, subject to the approval of the Court, that if the .said Edna H. Gadd shows cause for' divorce the decree -shall contain the following provisions with reference to alimony, custody and support;
“Custody of minor child, John H. Gadd granted to libellant, the libeHee to have the right to pay the sum of $6.00 per week toward the support of the- child; the *57 libellee to pay the libellant the amount of the hospital and doctor’s bill at the time of the birth of said John H. Gadd in the amount of $116.84 and to pay her the further sum of $96.00, -the last two sums to be paid on or before October 1, 1943, and the amount of $6.00 per week to begin forthwith.
(Signed) S. ROSS GADD.”
The defendant objected to the admission of this evidence on the ground that it was irrelevant, incompetent, and immaterial and would involve re-trying the original divorce action which was heard in New Hampshire.
The Court admitted this evidence without restriction over the defendant’s objection. The defendant requested that the ruling of the Court be reported.
The laws of the State of New Hampshire relative to Divorce Proceedings were admitted. The Trial Court found:
As to the defendant’s plea to the jurisdiction in the divorce proceedings over the subject matter of the proceedings, the Court found that the Court had such jurisdiction. The finding of the Court is as follows:
“As to the defendant’s plea to the jurisdiction, Revised Laws of New Hampshire 1942, c. 339, sec. 1-gives jurisdiction: I. Where both parties were domiciled in the State when the action was commenced. II. Where the plaintiff was so domiciled and the defendant was personally served with process within the State. III. Where the plaintiff was domiciled in the State for one year next preceding the time when the action was commenced. IV. Jurisdiction also existed, as the adultery occurred while the plaintiff was domiciled in the State of New Hampshire. Jurisdiction existed in the divorce case under any one or all the causes for divorce above set forth and I so find.
I am satisfied that the defendant was domiciled in New Hampshire when the libel was filed; it was personally served on him while he was in New Hampshire, as appeared from a copy of the libel and the sheriff’s *58 return thereon, hereto annexed, marked ‘Exhibit B’, and I am satisfied that he agreed to the decree and the contents thereof relating to judgment for alimony entered therein.”
The defendant filed the following requests for rulings:
“1. The Plaintiff in the case at bar has the burden to prove, by a fair preponderance of the evidence, that the judgment which she relies on, as a basis for the present action, was. issued by a Court having jurisdiction to issue such a judgment. 2. There is no evidence that the judgment mentioned in. the Plaintiff’s declaration was issued by a Court having jurisdiction to do so. 3. The question of jurisdiction may be raised properly by the defendant in the case at bar. 4. Since the present action is based upon Sections 3, 4 and 5 of Chapter 287 of the Public Laws of Ne,w Hampshire, the Plaintiff cannot prevail unless she proves the statutes and law which give the New Hampshire Court jurisdiction to issue judgment, upon which the plaintiff relies in the present action. 5. The presumption that the common law of a sister state is the same as the common law of this Commonwealth, will not aid the plaintiff to prevail in the present action, since her judgment is based on divorce laws which are special creatures of statute and unknown to the common law. 6. The plaintiff in the case at bar, has the burden of proving the judgment upon which she relies was issued in accordance with the laws of the ¡State of New Hampshire. 1. There is no evidence which would warrant the plaintiff to prevail in the present action.”
The Court allowed Bequests Nos. 1, 3, 4, 5 and 6 and denied Bequests Nos. 2 and 7. There was no prejudicial error on the part of the Court in its action upon its requests for rulings.
As to the jurisdiction of the New Hampshire Court: In Corpus Juris, Vol. 4, Page 1352, “Appearances,” Section 42, it says:
“The principle that a general appearance confers personal jurisdiction is of great importance when a *59 nonresident is sued. In a personal action brought against a citizen of another state, the court does not acquire jurisdiction over him by virtue of notice served on him in such other state; process cannot extend beyond the limits of the state. But a nonresident becomes subject to the jurisdiction of the court by a general appearance. This is as true in causes in equity as in actions at law.” and cases cited.
In a divorce proceeding entered in the Court in the State of Washington, the libellee showed that no service was made upon her, the defendant, and the defendant did not voluntarily appear in Court; further that the defendant was a nonresident. The record of the Washington Court showed that the defendant in that suit was at all times a nonresident of the State of Washington and that no personal service was made upon her in that State and she did not appear in the Court of that State. It further appeared from the facts that the matrimonial domicil of the parties was at all times within the Commonwealth of Massachusetts, and that the plaintiff remained in this jurisdiction. In these circumstances it is settled that the party upon whom no service is made and who did not appear generally is not bound by the decree entered by the Washington Court but may attack it collaterally and show it has no effect upon her.
Further in Corkum vs. Clark, 263 Mass. 378 at 382 and 383, it says:
“The primary question is, What effect ought to be given to the decree of divorce entered in the court of the State of Washington. That decree was entered by a court of superior and general jurisdiction under the statutes and decisions of the State of Washington. Commonly there is a presumption in favor of regularity of the proceedings of any court of general jurisdiction. That presumption, however, does not extend to a case where it appears from the record that the defendant was a nonresident and did not voluntarily appear *60 in court, and it does not appear that service of process was made upon him within the State. The record of the Washington court shows that the defendant in that-suit, the plaintiff in the present suit, Was. at all times a nonresident of the State of Washington, that no personal service was made upon her in that -State, and that she did not appear in the court of that State. It further appears from the facts-as found that the matrimonial domicil of the plaintiff and Corkum was at all times within this Commonwealth and not elsewhere, and was never in the State of Washington. The present plaintiff remained in this jurisdiction. In these circumstances it is settled that the plaintiff is not bound by the decree entered by the Washington court but may attack it collaterally and show that it has no effect on her. The courts of this Commonwealth are not bound to give that judgment full faith and credit under the Constitution of the ITnited States. The plaintiff may show the invalidity of the Washington decree as to any right in issue on the present record.
Where there has been no personal service upon, or voluntary appearance by, the nonresident spouse, it is essential to the validity for any purpose of a divorce granted upon ex parte proceedings by the court of the State of the domicil of the complaining spouse, when not the State of matrimonial domicil, that the notice or other substituted service of the court process upon the nonresident spouse must be by such publication or other substituted notice as is required by the laws of the State of the court granting the divorce. Failure to comply with such law as to service upon the nonresident spouse affects the jurisdiction of the court and renders wholly void a decree of divorce entered in a cause dependent upon such substituted service.”
In a divorce proceeding begun in the Circuit Court of the State of Michigan upon which decrees were entered and which were declared upon in an action begun in this Commonwealth to enforce the decrees, the Court said:
‘‘If they are final decrees for the payment of ascertained sums of money constituting a debt of record,, they are entitled to full faith and credit in every State- *61 and may be enforced by suit in the same way as any other judgments or decrees. And, while there has been some difference in the decisions, we regard it as now settled that prima facie at least a decree for the payment of a fixed sum of money found to be already due and payable to a wife for the past support of herself and her children is to be regarded as a final decree, although an order for future payments as a provision for future support, being ordinarily liable to modification at any time, is subject to the control of the court which made the order, and so is not a final order for the payment of a fixed sum. That was the conclusion reached by this Court in a carefully considered opinion.”
The Court further said in Wells vs. Wells, 209 Massachusetts at page 290:
“The defendant contends that the decrees were entered without any proper or sufficient notice to him, and so they are not binding upon him. In our opinion, these petitions were not new or independent proceedings, but were merely incidental to the original suit, of which he had had due notice and in which he had entered an appearance.”
It would appear that the defendant in the instant case having appeared generally in the New Hampshire proceedings raising no question as to the jurisdiction of the Court either as to the residence of the parties or to its right to render a decree in the divorce proceedings, and having filed a stipulation as to the amount the Court could render as a judgment in those proceedings cannot now in these proceedings successfully defend because of lack of jurisdiction. The judgment of the Court in which the original case was tried is entitled to full faith and credence in the Court of any state where proceedings are brought to enforce such judgment. Rosa vs. Rosa, 296 Mass. 271.
Briefly stated: The defendant and plaintiff were husband and wife, and in August or September 1940, the de *62 fendant was an employee of a chain store, and in the course of his occupation went from Hooksett, New Hampshire, to Fitchburg, Massachusetts; the plaintiff did not accompany the defendant. In October, 1941, the defendant was transferred from Fitchburg to Leominster, Massachusetts; the plaintiff then went to Leominster and the plaintiff and defendant occupied two rooms as living quarters, using only a small part of the furniture which was brought from Hook-sett, New Hampshire, to Leominster, Massachusetts, until May or June 1942. In May or June, 1942, the defendant was transferred to Newburyport, Massachusetts, where they lived together in a cottage at Plum Island until August 1942. The plaintiff then returned to New Hampshire because of acts of adultery committed by the husband. The Court in New Hampshire in the divorce proceedings could well have found that there had been no change of domicil on the part of the wife from New Hampshire to Massachusetts. See Burtis vs. Burtis, 161 Mass. 508. The plaintiff brought divorce proceedings in the New Hampshire Court on March 22, 1943, alleging herself as a resident of New Hampshire and the defendant as a resident of Massachusetts. The defendant in the instant proceedings appeared in the divorce proceedings in New Hampshire, submitted himself to the jurisdiction of the New Hampshire Court, agreed that a judgment be entered against him for certain sum of money, which is the amount sued for in the. instant case. By so doing, he submitted himself to the jurisdiction of the New Hampshire Court and to any decree or judgment that the New Hampshire Court might render. He cannot now dispute such judgment, or contest or deny the jurisdiction of the New Hampshire Court to render such decree or judgment. The Massachusetts Court in the instant case found for the plaintiff in the sum, and on the judgment, rendered in the New Hampshire Court. The Judge of the Massachusetts Court committed no error.
*63 The Court allowed Requests Nos. 1, 3, 4, 5 and 6 and denied Requests Nos. 2 and 7. There was no prejudicial error on the part of the Court in its action upon the defendant’s requests for rulings.
No prejudicial error having been made by the Court the entry may be made. Report Dismissed.