JESSIE E. ALLAN *v.* FRANKLIN W. ALLAN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 3—decided April 3, 1945.

(1)

*William L. Beers,* with whom were *George C. Conway* and, on the brief, *George E. Beers,* for the appellant (plaintiff).

No appearance for the defendant.

ELLS, J. The vital question is whether the trial court erred in concluding, upon the facts found, that the plaintiff had not "continuously resided" in this state for three years next before the date of her divorce complaint, as required by General Statutes, § 5181.

The parties were married in another state on November 10, 1938, and shortly thereafter removed to Guilford, Connecticut, established a home and resided there continuously for a period of nearly five years. During the latter period the defendant was guilty of intolerable cruelty, and on October 4, 1943, because of his cruel treatment, the plaintiff left him and went to live with her mother in Massachusetts. She took their three-year-old child with her. Shortly thereafter the defendant gave up the Guilford home and went to his mother's home in Massachusetts. The plaintiff's household furniture was placed in storage in New Haven. The complaint in her action for a divorce on the ground of intolerable cruelty is dated January 6, 1944. Her husband did not contest the action. She intends to return to Connecticut after her case has been decided. Before her marriage, the plaintiff had practiced her profession as a physiotherapist. When she went to her mother's home she did not engage in this work nor take any permanent position. In order to support herself for the time being and on account of the exigencies of the times, she went into war work in the neighborhood, continuing to stay, however, in her mother's home. It does not appear that she returned to this state prior to the date of her complaint.

The plaintiff claims that her residence in Massachusetts was temporary. The cause of her removal to that state, the temporary employment she engaged in there, the storage of her furniture in a warehouse in New Haven and her intention to return to this state as soon as her divorce action was decided are the supporting facts upon which she relies. It is manifest, however, that the continuity of her residence in Connecticut was broken. She left her husband because of his cruel treatment. She could have remained in Connecticut until she brought her divorce action. As the trial court stated in its memorandum of decision, if she had delayed her departure until the divorce action had been instituted she would have been entitled to a decree on the evidence.

It is not necessary that the residence should be literally uninterrupted. *Morehouse* v. *Morehouse,* 70 Conn. 420, 426, 39 Atl. 516. "But the word 'continuously' must be given some adequate meaning. . . ." *Morgan* v. *Morgan,* 103 Conn. 189, 194, 130 Atl. 254. We have not defined "adequate meaning" further than to say in the *Morgan* case that it certainly is not satisfied by the plaintiff's presence in this state three or four times a year for two or three days at a time. The present plaintiff's case is much stronger. Its inherent weakness is that she did not go temporarily to another state and return here before bringing her action. She went to Massachusetts and remained there. There was no home in Guilford or elsewhere in this state to return to. The finding is only that she intends to return to Connecticut after her case is determined. There is no finding that she intended to live here for an indefinite period of time. If we accord a liberal construction to this finding as to her intention, the fact remains that during the vital three-month period she had no anchor in Connecticut. As-

sume that she remained in Massachusetts, under the same circumstances, for six months, a year or five years, without returning, could she bring her divorce action in Connecticut?

The trial court decided that the plaintiff had not "continuously resided" here for the required time. We are asked to decide that the circumstances point so unmistakably to the contrary that we can decide it as a matter of law. In *Marshall* v. *Marshall,* 130 Conn. 655, 36 Atl. (2d) 743, we held that, as matter of law, the plaintiff did not have sufficient residence to comply with the requirements of the statute; here we are asked to hold that, as matter of law, the plaintiff did have such residence. No sharp line can be drawn between that case and this. The sound rule is to leave the question to the trial court as one of fact, to be disturbed only if, as in the *Marshall* case, the facts require a holding contrary to that of the trial court. Upon the facts found, we cannot say as matter of law that the trial court was in error in concluding that the plaintiff had not continuously resided here for the required period.

The plaintiff contends that the compulsion of her leaving—the cruelty of her husband—is a factor of controlling significance, and cites *Duxstad* v. *Duxstad,* 17 Wyo. 411, 416, 417, 100 Pac. 112; *Bechtel* v. *Bechtel,* 101 Minn. 511, 515, 112 N. W. 883; *Cummings* v. *Cummings,* 133 Ky. 1, 117 S. W. 289; *McLean* v. *Randell* (Tex. Civ. App.), 135 S. W. 1116, 1119; *Burtis* v. *Burtis,* 161 Mass. 508, 37 N. E. 740; *Stewart* v. *Stewart,* 286 Fed. 987, 988. We must decide the case upon the basis of the language contained in our own statute. It differs from those upon which the cited cases were apparently based in that it requires continuous residence. As we have said, the word "continuously" must be given some adequate meaning.

Section 5181, supra, contains a proviso which the plaintiff claims is applicable to the present case. The complete text relied on is as follows: "If the plaintiff shall not have continuously resided in this state three years next before the date of the complaint, it shall be dismissed unless the cause of divorce shall have arisen subsequently to the removal into this state. . . ." The present plaintiff and defendant were married in another state, and the cause of divorce arose subsequently to their removal into this state. The expression "removal into this state" assumes that the plaintiff is here when the action is brought. In the instant case she was not here so the exception does not apply. See also *Morgan* v. *Morgan,* supra, 194.

There is no error.

In this opinion the other judges concurred.