The plaintiff brought this action, by writ dated September 12, 1944, for a divorce on the ground of desertion. The facts as found by the trial court are: On June 6, 1938, the plaintiff, whose home was in New Haven, married the defendant. Thereafter, they lived together in that city until October 12, 1939. On that day the defendant deserted the plaintiff. Thereafter, the plaintiff made his home with his parents in New Haven until June 4, 1941, when he entered the army by draft under the Selective Service Act. He continued to be a member of the armed forces until the date of trial and was only in New Haven when on furlough. The defendant entered service in the United States Army as a member of the Women's Army Corps in the early part of 1944 and immediately *Page 187 
left this state. The trial court concluded that, while the defendant had deserted the plaintiff and the plaintiff's domicil is in Connecticut, inasmuch as neither of the parties had continuously resided in the state for a period of three years next before the date of the writ, the court had no jurisdiction to give judgment for the plaintiff. He appealed.
As applied to this case, 5181 of the General Statutes provides that the complaint shall be dismissed unless the plaintiff has "continuously resided" in this state three years next before the date of the complaint or "unless the defendant shall have continuously resided in this state" for that time. In two recent cases we have had occasion to apply this statute and have held that a divorce could not be granted where there was a failure to comply with the provision in the statute concerning continuous residence. Marshall v. Marshall,130 Conn. 655, 36 A.2d 743; Allan v. Allan,132 Conn. 1, 42 A.2d 347. In the instant action, the principal contention made on behalf of the plaintiff and on behalf of other persons in the armed services by attorneys appearing as amici curiae is that the interpretation we have given to the statute should be relaxed in their favor. We are, however, spared the need of considering that contention.
The case was argued before us May 3, 1945. On May 9, 1945, the Governor signed No. 80 of the Public Acts of 1945, which provides as follows: "Section 1. For the purpose of section 5181 of the general statutes, any plaintiff who has served or is serving with the armed forces, as defined in section 259g of the 1943 supplement to the general statutes, and who was a resident of this state at the time of his entry shall be deemed to have continuously resided in this state during the time he has served or is serving with said armed forces. This act shall apply to the plaintiff in any such *Page 188 
action pending at the time of the passage of this act. Sec. 2. This act shall take effect from its passage." As the act provides that it shall take effect upon its passage, it became effective when the governor signed it. Old Saybrook v. Public Utilities Commission,100 Conn. 322, 325, 124 A. 33.
As the plaintiff is serving with the armed forces within the definition given in 259g of the Supplement of 1943, and the act in terms applies to pending cases, we ordered, of our own motion, a reargument upon the question whether the case should not be remanded to the Superior Court with direction to enter judgment for the plaintiff. See State ex rel. Foote v. Bartholomew, 106 Conn. 698, 138 A. 787. Counsel for both parties have now agreed that this action should be taken.
 The case is remanded to the Superior Court to be proceeded with according to law.