The plaintiff seeks a divorce upon the ground that his wife deserted him on June 1, 1944. It is alleged that the plaintiff has resided in this state three years next before the date of the complaint, which is July 22, 1947. The defendant is a resident of Worcester, Massachusetts, and was served by registered mail.
The evidence is that the plaintiff, while a resident of Illinois, enlisted in the United States Navy in 1942 and was serving in New London, Connecticut, in January, 1944. On January 22, 1944, he married the defendant and thereafter took an apartment for her in New Haven which he visited on weekend or overnight passes until his naval service called him out of the state in April, 1944. He was discharged from the navy in 1946, his discharge papers giving New Haven as his residence. Following his discharge he visited his parents in Illinois for about two months and then came to New Haven in the spring of 1947 and has lived here since.
Section 5181 of the General Statutes requires in part that the complaint be dismissed unless the plaintiff shall have "continuously resided in this state three years next before the date of the complaint". To comply with that statute actual residence is necessary (Marshall v. Marshall, 130 Conn. 655) unless the plaintiff is aided by the statute applicable to persons in the armed forces. That statute, § 928h of the 1945 Supplement, permits the period of military service to be considered in determining the residence requirement of one serving with the armed forces "who was a resident of this state at the time of his entry" into the service.
This plaintiff was not a resident of Connecticut when he entered the navy and therefore does not come within the terms of the statute. Neither has he continuously resided here for three years before the date of the complaint.
 The action is dismissed for lack of jurisdiction.