[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANT'S MOTION TO DISMISS
The defendant David Madigan has moved to dismiss the plaintiff's complaint for dissolution of marriage, claiming that the court has no jurisdiction over this matter.[1] On November 1, 1995, the plaintiff Susan Madigan filed an objection to the defendant's motion to dismiss, asserting that the motion is legally insufficient and maintaining the validity of this court's jurisdiction pursuant to General Statutes § 46ba-44 (c).[2]
The court finds the issue of jurisdiction in favor of the plaintiff.[3]
The court file reflects that the plaintiff submitted an application for Order of Notice on October 18, 1995. On that date, the clerk ordered the plaintiff to serve the defendant by registered or certified mail, with return receipt requested, on or before November 7, 1995, so that the defendant would be advised that the matter was returnable to court on November 28, 1995. The file further reflects that the sheriff complied with this order, and that he received the resulting return receipt on October 23, 1995. The file stamp upon the summons and complaint dated October 18, 1995 indicates that these documents were received at the clerk's office at 3:06 pm on October 31, 1995.
It is axiomatic that "`every presumption is to be indulged in favor of jurisdiction.'" Gurliacci v. Mayer, 218 Conn. 531, 543
(1991), citing LeConche v. Elligers, 215 Conn. 701, 709-10
(1990). "'Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" (Citations omitted.)Gurliacci v. Mayer, supra, 218 Conn. 542.
The complaint alleges, in paragraph 2, that "[t]he plaintiff was domiciled in this state at the time of the marriage. The plaintiff returned to this state on or about September 20, 1995 with the intention of permanently remaining." Such allegations, CT Page 13703 construed in the manner most favorable to the pleader, comply with the criteria for jurisdiction established by § 46b-44
(c)(1). § 46b-44 (c)(1) contains no limitations on the time' a plaintiff must reside within the state of Connecticut prior to filing the complaint. "[I]t is within the power of the legislature to grant relief. The courts can only construe the statutes in accordance with the expressed legislative intent." (Emphasis added; citations omitted.) Marshall v. Marshall,130 Conn. 655, 658 (1944).
In support of his motion, the defendant explains that he "has filed an action for divorce within and for the Commonwealth of Massachusetts." Defendant's Motion to Dismiss, undated, p. 1. The defendant has provided the court with a copy of a document dated October 18, 1995, entitled "Complaint for Divorce" in which David G. Madigan is plaintiff and Susan M. Madigan is defendant. The document reflects a stamp bearing the date "October 26, 1995." The document is unaccompanied by any indicia of service of process upon Susan M. Madigan, nor does it bear insignia or certification showing specific return to any court in Massachusetts, nor does establish that any court in Massachusetts has created a file to record proceedings on behalf of the defendant. Based on the information presented, the court is unable to find that a parallel action is "pending" in another jurisdiction, but rather concludes that the defendant's complaint in Massachusetts appears to have been instituted "to forestall the suit in Connecticut." Powell v. Powell, Superior Court, judicial district of New London, Docket No. 525410 (June 7, 1993).
WHEREFORE, the court finds that it has jurisdiction over the pending matter, and the defendant's motion to dismiss is denied.
BY THE COURT,
N. Rubinow, J.