ISABEL MARIE LARDNER KRAUS
*vs.*
RAYMOND WILLIAM KRAUS

Superior Court      Hartford County      File No. 61059

MEMORANDUM FILED OCTOBER 18, 1939.

*Leonard O. Ryan,* of Middletown, for the Plaintiff.

*Andrew S. Aharonian,* of New Britain, specially for the Defendant.

BOOTH, J. The action is a petition for divorce. According to the allegations of the complaint the plaintiff at the time of the marriage was domiciled in this state and has returned here with the intention of permanently remaining.

These allegations meet the requirements of section 5181 of the General Statutes, Revision of 1930, in so far as the jurisdiction of the court is concerned.

The plea in abatement, however, challenges the truth of the alleged facts and the questions presented thereby are whether the plaintiff was in fact domiciled in this state at the time of her marriage, and whether before instituting the action she returned to this state with the intention of permanently remaining.

The evidence offered upon the first of these questions was to the effect that some eight years ago plaintiff's parents were divorced; that thereafter she made her home with her mother, although occasionally staying for short intervals at the home of her father in Hartford, Connecticut; that since the divorce her mother lived in Connecticut until about 1934, when she removed to Florida, where she has ever since and now is domi· ciled; that when her mother removed to Florida the plaintiff accompanied her and made her home there exclusively from 1934 to October, 1937; that on June 17, 1937, the plaintiff became 21 years of age but continued her domicile in Florida until October, 1937, when she left with the intention of at· tending school at Philadelphia, Pennsylvania; that she went to Philadelphia, where she stayed a few days and then journeyed to Hartford, Connecticut, where she stayed at her father's home for a week or two; that during the latter part of October, 1937, she returned to Philadelphia, where she remained continu· ously until December, 1937, when she married the defendant there; and that thereafter and until May 15, 1939, her resi· dence and domicile was exclusively in Philadelphia.

In order to establish that at the time of her marriage on December 31, 1937, she was domiciled in this state it must ap· pear that she had an actual residence here and that she in· tended to make such residence her permanent place of abode. *Foss vs. Foss*, 105 Conn. 502, 505; *McDonald vs. Hartford Trust Co.*, 104 id. 169.

The evidence does not justify such a conclusion.

The law also provides that a person can have but one domi· cile for one and the same purpose and that a domicile once acquired continues until another is established. *McDonald vs. Hartford Trust Co., supra*, 177.

It is clear that in the present case the plaintiff was domiciled in her mother's home in Florida for several years prior to Octo· ber, 1937; that since that time she did not acquire any other domicile until the date of her marriage, December 31, 1937,

and consequently was not domiciled in Connecticut on that date.

For the foregoing reasons the plea in abatement to the juris' diction of this court is sustained and the plaintiff's petition is hereby dismissed.

Judgment may enter accordingly.