## SAWTELL *against* SAWTELL.

The provisions of the 3d section of the act authorizing the superior court to grant divorces, requiring, that if the petitioner shall have removed from any other state or nation to this state, he or she shall have statedly resided in this state three years before the date of the petition, unless the cause of divorce shall have arisen subsequent to such removal, are applicable to petitions under the late act authorizing divorces on the ground of habitual intemperance and intolerable cruelty.

The continuation of the cause of divorce in another state, after the removal of the petitioner into this state, and down to the date of the petition, does not bring the case within the exception of the statute.

Therefore, where it appeared, on an application, by the wife, for a divorce, on the ground of habitual intemperance on the part of the husband, that the parties had formerly resided in the city of *New-York*, where a separation took place between them, and the petitioner, leaving her husband in *New-York*, came into this state to reside with her friends here, but had not resided in this state three years before the date of her petition, though the intemperance complained of had continued, in *New-York*, down to that time; it was held, that the petitioner was not entitled to the relief sought.

*Fairfield, June, 1845.*

Sawtell
v.
Sawtell.

THIS was a petition for a divorce, upon the ground of habitual intemperance and intolerable cruelty, on the part of the husband.

The cause was heard at *Fairfield, February* term, 1845, before *Waite,* J.

On the hearing, the allegations contained in the petition were fully proved. It further appeared, that the parties formerly lived in the city of *New-York,* where a separation took place between them, in consequence of the intemperance and cruelty of the husband. The petitioner afterwards came to *Connecticut* to reside with her friends, but had not resided in this state three years before the date of her petition. The husband did not appear to defend, although he had been duly notified ; and there was no evidence that he had ever resided in this state since the separation, which took place at the time the parties resided in *New-York.* But it was proved, that his intemperance had continued down to the time of bringing the petition.

The court below declined granting the prayer of the petition, upon the ground that the petitioner having removed from another state to this state, and not having resided here three years before the date of the petition, was not entitled under the statutes to relief; but, at the solicitation of the petitioner's counsel, the case was reserved for the advice of this court.

*Dutton,* for the petitioner, contended, 1. That the case comes fully within the terms of the law. The statute prescribes nothing with regard to intemperance, except that it should be *habitual.* A reasonable construction would perhaps require, that it should be of such a character as to render the

person unfit for the conjugal relation. If he is so at the date of the petition, the cause of divorce clearly arises after the removal of the petitioner into this state, and is in strict compliance with the provisions of the law.

2. That it is also within the spirit of the law. Intemperance is a continuing wrong. A woman, who has a brutal husband, needs relief, and is entitled to it, whether she has resided in this state one year, or three years. In the case of willful absence, three years must elapse after the removal of the party into this state ; otherwise, the cause of action would not completely arise after the removal. Not so with intemperance or cruelty.

3. That there is no greater danger of the abuse of this law, if so construed, than of the former ; and if there is, it is for the legislature, and not the court, to apply the remedy. Suppose a woman, having a husband living notoriously in adultery with another woman, should remove into this state ; would she not be entitled to a divorce within three years ?

No counsel appeared for the respondent.

WAITE, J. This is an application for a divorce, under a recent statute, passed in 1843, authorizing the superior court to grant divorces for habitual intemperance or intolerable cruelty. The statute is made in addition to a former act, empowering the superior court to grant divorces for adultery, and certain other causes, and directs, that the proceedings shall be according to the provisions and mode of proceeding in that act.

One of those provisions is, that " if the petitioner shall have removed from any other state or nation to this state, and shall not have statedly resided in this state, three years next before the date of said petition, he or she shall take nothing by the petition, unless the cause of divorce shall have arisen subsequent to his or her removal into this state." *Stat.* 186. (ed. 1838.)

This provision, in our opinion, applies equally to both acts. The late statute was passed for the purpose of extending the power of the court, and to authorize it to grant divorces for other causes than those enumerated in the former.

The petitioner had not resided in this state three years be-

fore the date of her petition.    She is not, therefore, entitled *Fairfield,* June, 1845.
to a divorce, unless she can bring her case within the latter
clause of that portion of the act recited, according to the fair    Sawtell
intendment of the law.    This, it is claimed, she has done.        *v.*
Sawtell.

It is said, here has been a continuing cause for a divorce.
Her husband has been habitually intemperate, as well since as
before her removal to this state.    It is therefore insisted, in
her behalf, that she has shown a cause for the divorce arising
subsequent to her removal to this state.

A fair and reasonable construction must be given to this
provision of our law.    The legislature surely could never
have intended, that a woman living with her husband in
another state, might come into this state, and, by showing that
her husband has been habitually intemperate, or committed
adultery, since she removed to this state, at once obtain a
divorce.    Such a construction would open a wide door for
applicants from abroad.

If the parties both become inhabitants of this state, having
their domicil here, and then the husband becomes habitually
intemperate, treats his wife with intolerable cruelty, or com-
mits adultery, a divorce may be granted, although there has
not been a residence of three years within this state.    In such
case, the husband acts in violation of our laws, and becomes
amenable for the consequences.    But the husband, in this
case, has never resided within this state, since the causes
assigned for the divorce, have arisen ; and the wife herself
has not resided here three years before the date of her peti-
tion.    She has, therefore, not brought her case within the fair
intendment and spirit of our statutes relating to divorces.
And our advice is, that a divorce ought not to be granted.

In this opinion the other Judges concurred.

Petition not to be granted.