JARVIS K. MASON vs. AUSTIN FULLER, ADMINISTRATOR, AND OTHERS.

A man residing in Connecticut married in Massachusetts a woman residing in that state, and husband and wife in accordance with a previous intent came directly to Connecticut to reside. Held that the husband at once became vested with a title to the wife's personal property as trustee under the statute of this state, with a right to the income thereof.

The wife at the time of her marriage owned certain bank stock. Some time after the marriage the husband and wife went together to the bank and in his presence the stock was transferred on the books of the bank from her maiden to her married name. Held to constitute an abandonment by the husband of his interest in the stock and a gift of it to her.

A failure to reduce choses in action of the wife to possession, and permitting her to collect interest and pay taxes, are not of themselves sufficient evidence of an intent on the part of the husband to waive or abandon his legal rights in relation to such property.

AMICABLE SUBMISSION upon an agreed statement of facts, brought to the Superior Court in Hartford county and reserved for the advice of this court. The question related to the personal property left by Mary R. Mason, deceased, the plaintiff being her husband, the defendant Fuller administrator of her estate, and the other defendants her next of kin. The facts are sufficiently stated in the opinion.

*Hyde* and *Marvin*, for the plaintiff.

*Goodman* and *Freeman*, for the defendants.

BUTLER, J. This is an amicable suit upon agreed facts, presenting two questions for our determination.

As the evident object of the parties is to obtain a final adjudication of their respective rights, and not to settle any supposed doubtful questions of law, we shall decide the questions without giving reasons for our decision at any considerable length

The first question is, whether the said Jarvis K. Mason is entitled to hold and retain possession of said personal estate as trustee or otherwise. The personal estate to which the question relates was on the 23d of June 1863 the property of Mary R. Reynolds, who then resided and was domiciled at Munson, Massachusetts. On that day she was married at Munson, to Jarvis K. Mason, the plaintiff, who then resided and was domiciled at Suffield, Connecticut. The said Mary R. Reynolds at the time of her marriage was the owner of seven shares of stock in the Agawam Bank, at Springfield,

Massachusetts, and of sundry notes of hand against persons
in Massachusetts, a gold watch, and some other personal
property.   It was the intention of the parties before and at
the time of the marriage to establish their matrimonial domi-
cil at Suffield, Connecticut, and such domicil was so established
immediately thereafter, and so remained until the death of
said Mary R. Mason in 1864 without issue.  During the inter-
val between her intermarriage with Mason and her death,
she retained possession and had the sole control and manage-
ment of the notes, watch, and other personal property men-
tioned, and her husband, J. K. Mason, never reduced any
part of the same to his possession, nor exercised any control
over any part of the same, during the life of the said Mary
R. Mason.   After their intermarriage the stock in the Agawam
Bank was transferred, in the presence of the said Jarvis K.
Mason, from the name of Mary R. Reynolds to the name of
Mary R. Mason, and a certificate of the same was given her
in that name and so stood at her decease. · There is a further
finding in relation to the taking out of administration and
the appointment of an administrator upon her estate in this
state and in Massachusetts, and of various proceedings by the
parties and the courts of probate, but the facts recited are all
that are material to a determination of the questions pre-
sented to us.

On these facts we are of opinion and do determine as
follows :

First,—As Jarvis K. Mason before and at the time of the
marriage was domiciled in and a citizen of Connecticut, and
Mary R. Reynolds *eo instanti* of the marriage lost her domi-
cil in Massachusetts and took the domicil of her husband in
Connecticut, and as the contract of marriage was entered
into and solemnized with the intention that it should be per-
formed and fulfilled in the state of Connecticut, and pursuant
thereto the parties came here, and the property in legal con-
templation accompanied them and became subject to our laws,
we are of opinion that the property vested in Jarvis K. Mason,
by force of the acts of 1849 and 1855, as trustee, and with

the exception of the Agawam stock, so remained until her decease.

We think this decision is in consonance with principle and the current of authority in regard to the effect of the contract of marriage upon the rights of the parties to it, situated as these were.

Jarvis K. Mason, the husband, did no act in respect to said property, except the Agawam stock, indicating an intention to abandon the legal right which the law conferred upon him. A failure to reduce to possession and permitting her to collect interest and pay taxes, were not of themselves such evidence of an intention to give up, waive or abandon his legal right in case of her death, as equity and the law require to show such gift or abandonment. But in relation to the stock of the Agawam Bank, we think the evidence sufficient, within the principles adopted by this court in the case of *Jennings* v. *Davis*, and other kindred cases, to show such gift and abandonment. Mason went with his wife to the Agawam Bank, after marriage, and there in his presence the stock was transferred from the name of Mary R. Reynolds to the name of Mary R. Mason on the books of the bank. This is all that the finding discloses, but it may be fairly presumed that he *went there with her for that purpose*, that he asserted no right in himself, and that he *directed the act to be done*, and those acts were sufficient, within the principles frequently recognized by this court, to constitute a gift to her of all the legal interest he had in the stock.

We therefore determine and advise, in answer to the first question, that the said Jarvis K. Mason is entitled to hold and retain possession of all the personal estate as trustee, excepting the seven shares of stock in the Agawam Bank, and those shares he has no right to hold or retain against the representative and heirs of the said Mary R. Mason.

The foregoing determination of the first question involves a determination of the second, and as to that we determine and advise that the said Jarvis K. Mason is entitled to the rents and profits of said estate, excepting the rents and profits

which have accrued since the decease of said Mary R., or which may hereafter accrue, on the seven shares of the capital stock of the Agawam Bank, which must go with the stock to the administrator Fuller and the heirs of said Mary R. Mason.

In this opinion the other judges concurred.