## JARVIS K. MASON, administrator, *vs.* ALBERT R. HOMER.

A citizen of Connecticut married here a woman who was payee of a promissory note·
and they resided together in Connecticut till her death. By the law of Connecticut, a
husband becomes trustee of his wife's choses in action. After the wife's death, her ad-
ministrator in Connecticut took possession of the note, and was ordered by the probate
court there to give it up to the husband, but the order was reversed on appeal, upon the
ground that the court could not direct the transfer of property in that summary manner.
The husband then took out administration on his wife's estate in this Commonwealth,
and brought an action on the note here, as administrator, against the desire of the admin-
·istrator in Connecticut, and of his wife's heirs. *Held,* that he was entitled to recover both
principal and interest due on the note, upon his legal title as trustee, the description of
himself as administrator being surplusage.

CONTRACT by the plaintiff as administrator of the estate of
his wife, Mary R. Mason, to recover the amount of a promissory
note given to her by the defendant.

At the trial in the superior court, before *Rockwell,* J., the jury
returned a verdict for the plaintiff; and the defendant alleged
exceptions. The case is stated in the opinion.

*A. L. Soule,* for the defendant.

*H. Morris,* for the plaintiff.

COLT, J.* The plaintiff, a resident of Connecticut, married
the payee and owner of the note in suit, in this Commonwealth,
where she then resided. At her marriage, the wife, by operation
of law, took the domicil of her husband; and she lived with him
in Connecticut till her death. Upon the facts stated, it is to be
presumed that the contract of marriage was entered into with the
intention, on the part of both, of making his place of residence
heir future home. The effect of the marriage upon her rights
_n personal property, in the absence of any nuptial contract, must,
under these circumstances, be governed by the laws of the place
of intended residence. Story Confl. of Laws, § 198. 2 Kent
Com. (6th ed.) 93, note. *Mason* v. *Fuller,* 36 Conn. 160.

By the statutes of Connecticut, which were produced and read
at the trial, the husband is entitled to the rents, profits and in-
terest of the wife's real and personal estate during her life, and
takes the legal title to all her personal property as trustee for

* WELLS, J., did not sit in this case.

her. Except so far as applied by him to the payment of her debts, it becomes her property again in case she survives him ; if she dies first, it goes to her legal representatives upon his death. These are great changes in the rules of the common law. The husband no longer acquires an absolute title to any description of property belonging to his wife, but all her personal property vests. in him immediately upon marriage, in trust. The statute is broad enough to embrace in its terms the choses in action of the wife, and they become his without any act on his part to reduce them to possession during coverture. It gives him the legal title at once, as trustee. Gen. Sts. of Connecticut, tit. 13, *c.* 2, §§ 19, 20, 23.* *Sherwood* v. *Sherwood*, 32 Conn. 1.

---

* " Section 19. All the personal property of any married woman, married since the twenty-second day of June 1849, and all the personal property which has since that day been acquired, or which shall hereafter be acquired, by a married woman, by gift, descent, distribution, or her personal services, or otherwise, and all property derived from the sale or reinvestment of any such personal property, shall vest in the husband in trust for the wife, and upon the decease of the husband, if undisposed of as hereinafter mentioned, shall vest in the wife if living, or if she has deceased, in her devisees, legatees or heirs at law, in the same manner as if she had always been a *feme sole ;* but if the husband shall have paid debts contracted or liabilities incurred by the wife before marriage, the superior court, as a court of equity, upon proper application therefor, may discharge from said trust and vest absolutely in the husband such portion of said personal property as may be equivalent in value to the amount of debts or liabilities so paid ; but nothing in this section shall in any manner affect the title of the husband to any such property as has heretofore vested in him absolutely under existing laws.

" Section 20. The husband shall be entitled to the rents, profits and interest of such estate during his life ; and such rents, profits and interest shall not be liable to be taken by any legal process for the debts of the husband during the life of the wife, except for debts contracted by him for the support of the wife and her children, after such estate shall have vested in him as aforesaid.

" Section 23. The court of probate of the district in which such trustee resides shall, upon the written application of the wife or of her devisees, legatees or heirs at law who have an interest in such estate, call such trustee to account, and may at any time require him to give bond with surety, payable to the judge of said court and his successors in office, for the faithful performance of such trust, or the security of such estate, and may remove such trustee and appoint another in his stead, after due notice to him to appear before said court

The defendant relies, to defeat this action, upon facts stated in his exceptions substantially as follows : The note in suit, after the death of Mrs. Mason, the payee, came to the possession of Austin Fuller, as administrator of her estate in Connecticut, to whom administration was there granted in 1864. It was inventoried as part of her estate, and the administrator's account, which was allowed by the court of probate, showed a balance in his hands, in which this note was included. But, before distribution was made, the plaintiff appeared and claimed the estate as trustee of his deceased wife, and it was ordered by the court that the administrator deliver to the plaintiff the estate in his hands. Under this decree, the note was delivered by Fuller to the plaintiff. This action of the court of probate was afterwards set aside upon appeal, on the ground that there was no power in that court to pass in this summary manner upon the title to property claimed by a third person, and decree the delivery of it to him. *Homer's appeal*, 35 Conn. 113. The defendant and his brother, George A. Homer, are the only heirs of Mrs. Mason, and this suit is prosecuted by the plaintiff without the consent and in opposition to the wishes of both Fuller, the administrator, and the brother of the defendant.

There is nothing in these proceedings which amounts to a defence in this suit. The plaintiff's title to this note, as trustee, was perfect before administration was taken by Fuller, and there is nothing to show an intention to part with his legal right, during the life of his wife or since.

There was no necessity for the plaintiff to take administration upon his wife's estate in this Commonwealth, or to describe him-

and show cause against such removal, whenever he shall, by reason of any cause, become incapable of executing the trust, or shall neglect or refuse to perform the duties thereof, or shall waste the trust estate, or shall neglect or refuse to apply the income thereof to the support of the wife and her children ; and a removal for the last mentioned cause shall divest said husband of all interest in said estate ; and any person aggrieved by any orders of such court, in relation to such trustee or trust estate, shall have the same right of appeal to the superior court as is prescribed by the act relating to courts for appeals from other orders, sentences and decrees of a court of probate."

self in this suit as administrator. The legal title which was in him before, by the laws of Connecticut, must be held to be a good title, in our courts, and the description in the writ is to be rejected as surplusage. Story Confl. of Laws, § 516.

It is urged that, as the defendant is owner jointly with his brother of the principal of this note, subject to the life estate of the trustee, the plaintiff is entitled to collect only the interest accruing upon it. But the Connecticut statute must be construed to give the trustee the usual powers of trustees over securities of this description. He may, in the exercise of ordinary prudence, collect and reinvest the same. The provisions of the statute for the protection of those interested in the reversion imply this. The trustee may be required, under them, on the application of the wife, or of any person interested in the estate, to account to the court of probate ; to give bond for the faithful performance of his trust ; or may be removed for sufficient cause. § 23.

At the time of the trial in this case, there was pending, in Connecticut, a suit in equity between the parties here, in which Fuller and George A. Homer were joined. The title to this note was therein distinctly put in issue. By the decision of the supreme court of errors, it was held to belong to the plaintiff as trustee under the statute. And that case, which would have been conclusive if decided in time for the trial, may be referred to here as of the highest authority in the interpretation of the statute. *Mason* v. *Fuller*, 36 Conn. 160.            *Exceptions overruled.*