## CAMILLE CARUTHERS
*vs.*
## BARTON FRANKLIN CARUTHERS

Superior Court  New Haven County  File No. 63837

MEMORANDUM FILED OCTOBER 20, 1943.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Plaintiff.

*John A. Maresca,* of New Haven, for the Defendant.

INGLIS, J. The main question involved in this case is as to whether the residence of the plaintiff is such as to give the

court jurisdiction. It is an action for divorce on the grounds of intolerable cruelty and habitual intemperance.

The parties were married on December 12, 1936, in West Virginia. Later they lived together in Maryland. In June, 1942, the defendant came to visit his parents in Connecticut and on July 4, 1942, upon his request the plaintiff came to this State to live with him. Since that date both the residence and domicile of both of them has been in Connecticut. This action was instituted on April 5, 1943.

The plaintiff not having resided in Connecticut for three years prior to the institution of the action relies, so far as residence is concerned, upon that clause in the statute (Gen. Stat. [1930] §5181) which reads as follows: "It [the action] shall be dismissed unless the cause of divorce shall have arisen subsequently to the removal into this state."

Over a period of years prior to the time the parties moved into Connecticut the defendant had been guilty of acts constituting intolerable cruelty and had been habitually intemperate. In a sense, therefore, the plaintiff's cause of action originated prior to the removal into this State. Accordingly, if the plaintiff were relying only on that intolerable cruelty or that habitual intemperance or were relying on that plus habitual intemperance which continued after her removal here but which had not materially affected her welfare, the action would have to be dismissed. *Sawtell vs. Sawtell*, 17 Conn. 284.

In this case, however, by consenting to come to Connecticut and live with her husband, the plaintiff condoned the previous intolerable cruelty and habitual intemperance. At the very commencement of their residence here therefore she had no cause for divorce. Between that time and the institution of the action the defendant's course of conduct was such that, in itself, without reference to what had gone before, it would constitute intolerable cruelty and habitual intemperance. It was such that not only might it be held to revive the cause of action which had been barred by condonation but also even though his previous conduct were ignored it gave the plaintiff adequate cause for divorce.

For that reason it is concluded that the cause for divorce

in this action arose after the plaintiff's removal to this State.

Judgment may enter decreeing a divorce on the grounds of intolerable cruelty and habitual intemperance.