CAROLINE GRANT THESIGER
*vs.*
RICHARD E. K. THESIGER

Superior Court        Fairfield County        File No. 67080

MEMORANDUM FILED JUNE 15, 1944.

*Vogel and Sigsway,* of South Norwalk, for the Plaintiff.

*Boardman, Stoddard and McCarthy,* of Bridgeport, for the Defendant.

KING, J. This is an action for a divorce on the ground of intolerable cruelty. The plaintiff, a citizen of the United States, while studying abroad, met the defendant, a citizen of Great Britain residing in England, where subsequently, on June 4, 1934, the parties were married.

Thereafter, they lived in England until 1939 when the defendant husband entered the military service. The plaintiff remained in England until June, 1940, when, with the defendant's knowledge and reluctant acqiescence, she left England to come to the United States. The precipitating cause of the trip was the danger of injury to the child, principally from enemy air raids over England. While their married life had been unpleasant, the plaintiff promised to return with the child after the war, and actually intended so to do at the time of her departure for this country.

Admittedly she has not resided in Connecticut three years, but she bases her jurisdictional claim on the allegation that (paragraph 2) since on or about October 1, 1942, she removed

into this State "and has resided continuously therein since said date, and the cause of divorce...arose after said removal."

The claimed cruelty after the removal of the plaintiff into this State of course occurred while the husband was in the military service, and consisted of the defendant's act in sending to the plaintiff a letter, which she has since destroyed, but which she claimed conveyed the impression to her that the child would be taken from her by her husband and returned to England as a sort of decoy to lure her back. No express language to that effect was claimed. The plaintiff further testified that at or about the same time, she received a similar letter written by the defendant's father, which she also has destroyed.

The plaintiff wholly failed to prove any intolerable cruelty prior or subsequent to the removal to Connecticut. The decree could not be granted even if the word "arose", as used in section 5181 of the General Statutes, Revision of 1930, were to be construed as the equivalent of such words as "matured" or "culminated." However, claimed misconduct prior to the removal into this State should not be considered in determining the jurisdictional question under the statutory provision here invoked. *Caruthers vs. Caruthers,* 12 Conn. Sup., 216, 217.

That these two letters, alone, did not constitute intolerable cruelty is too obvious to merit discussion, even if we assume that the contents of the father's letter was imputable to the defendant son, a matter in support of which there was little, if any, evidence.

Furthermore, the jurisdictional provision here relied upon requires that the misconduct claimed to constitute the cause of action occur within the State. *Sawtell vs. Sawtell,* 17 Conn. 284, 286. Normally, but probably not necessarily, this in turn requires the defendant's physical presence in Connecticut. *Ibid.* The only claimed cruelty which could in any respect be said to have occurred in Connecticut was the sending of the letters so that they were intended to be, and were, received by the plaintiff in Connecticut.

Previous to October, 1942, the plaintiff had not been domiciled in Connecticut, so that quite properly no claim was made that jurisdiction existed under the theory of a return to the pre-matrimonial domicile, as in *Torlonia vs. Torlonia,* 108 Conn., 292, 294.

That the defendant appeared by attorney and made no defense to the action is immaterial where, as here, the jurisdictional defect is not connected with an *in personam* failure of service. *Foss vs. Foss*, 105 Conn. 502.

Judgment may enter for the defendant dismissing the complaint on the ground of lack of jurisdiction.