CATHERINE I. ROLFE *vs.* MARGARET E. WALSH.

Suffolk.   November 7, 1945. — November 30, 1945.

Present: FIELD, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Domicil. Married Woman. Motor Vehicle,* Registration, Nonresident.
*Evidence,* Presumptions and burden of proof.   *Name.*

At the trial of an action against a woman based on illegal registration
of an automobile registered by her in Texas while she was abiding at
a hotel in Boston and her husband was domiciled in Texas, evidence
showing the circumstances of their marital life and of her presence
here, including evidence that after an accident occurring during her
stay here she had given to her physician a history "of excessive nerv-
ousness for ten years, because of nervous excitement due to domestic
difficulties," was not sufficient to prove that on account of any mis-
conduct by her husband she had established her own separate domicil;
and the judge properly refused to instruct the jury respecting excep-
tions to the general rule that the domicil of a wife is the same as that
of her husband, and to leave to them the question whether she had
acquired a domicil different from that of her husband.
In an action for personal injuries sustained in a collision involving an
automobile of the defendant which the plaintiff contended was ille-
gally registered in Texas while the defendant was domiciled in this
Commonwealth, the burden of proving that the defendant was domi-
ciled here was on the plaintiff.
A woman was a nonresident as defined by G. L. (Ter. Ed.) c. 90, § 1, if
at the time she registered her automobile in Texas she was domiciled
there, although she then was living at a hotel in this Commonwealth.
By the law of Texas, registration of a motor vehicle there in a name by
which the owner was commonly and popularly known in the commu-
nity in which he lived was sufficient although such name was in part
not his real name.

TORT.   Writ in the Municipal Court of the City of Boston
dated October 20, 1942.

On removal to the Superior Court, the action was tried
before *Forte,* J.

*E. J. Flynn,* (*H. S. Avery & S. P. Weston* with him,) for
the plaintiff.

*S. Rand,* (*P. J. Dolan* with him,) for the defendant.

RONAN, J.   The plaintiff seeks to recover damages for
personal injuries sustained by her on November 12, 1941,

while riding in an automobile, owned and operated by the
defendant and bearing Texas registration number plates,
when it came into collision with another automobile. The
declaration alleged that the defendant's automobile was ille-
gally registered, and at the trial the plaintiff sought to prove
that the defendant at the time the automobile was regis-
tered on September 8, 1941, and at the time of the accident,
was domiciled here. The defendant contended that the
automobile was properly registered in Texas where she was
domiciled. The judge instructed the jury that, if the de-
fendant was not domiciled in Texas, the automobile was
not legally registered and the plaintiff would be entitled to
recover. The jury returned a verdict for the defendant.

There was evidence that at the time of the defendant's
marriage in 1916 both she and her husband were domiciled
in this Commonwealth; that they lived together in Newton
in this Commonwealth; that he gave up his employment
in this Commonwealth, and sometime in 1935 established
a business in Houston, Texas, where he has since lived in
an apartment hotel; that he travelled considerably in con-
nection with his business and saw his wife every two or
three weeks at the Newton residence, where she continued
to live with her mother until the property was sold in 1940
and the furniture stored in this Commonwealth; that there-
after she went to live with her husband in Texas; that she
accompanied him on various business trips; that she went
with him to Maine in July, 1941, where he spent his vaca-
tion; that he returned to his business but she lived in a
Boston hotel and frequently saw her mother, who lived near
Boston; that he gave her an automobile while she was stay-
ing in Boston which she registered in Texas; that she was
living for a few months at the hotel in Boston, prior to the
accident; that while at this hotel her husband telephoned
to her nearly every night, and when in the vicinity of Bos-
ton visited her; and that her husband always paid her
expenses.

The plaintiff concedes that the judge was right in per-
mitting the jury to determine whether the defendant's
husband was domiciled in Texas, and does not deny that

the jury could come to the conclusion, •as they impliedly did, that he was domiciled in Texas.   The plaintiff, however, excepted to the instruction that the domicil of the defendant followed that of her husband without qualifying this instruction and giving further instructions which would have enabled the jury to determine whether she had acquired her own domicil, and excepted to the denial of six requests dealing with the establishment of her own domicil by the defendant.

The domicil of a married woman ordinarily follows that of her husband, and there was no error in stating this general rule to the jury.   A wife at her marriage acquires the domicil of her husband.   He is the head of the family and is bound to furnish a home and support for her; and as long as he continues faithful in the performance of his marital obligations to her, her domicil remains the same as his.   A wife, however, is not required to live with her husband if he is guilty of such a marital wrong toward her as will justify her in living separate and apart from him.   In that event she may establish her own domicil.   *Hood* v. *Hood*, 11 Allen, 196, 199.   *Mason* v. *Homer*, 105 Mass. 116. *Burlen* v. *Shannon*, 115 Mass. 438.   *Loker* v. *Gerald*, 157 Mass. 42.   *Burtis* v. *Burtis*, 161 Mass. 508.   *Kendrick* v. *Kendrick*, 188 Mass. 550.   *Perkins* v. *Perkins*, 225 Mass. 82. *Glass* v. *Glass*, 260 Mass. 562.   *Corkum* v. *Clark*, 263 Mass. 378.   Am. Law Inst. Restatement: Conflict of Laws, §§ 27, 28.

There is nothing on this record that would support a finding that the defendant was at the time of the accident living separate and apart from her husband for any justifiable cause.   Indeed, her stay in a Boston hotel was not accompanied with any of the indicia that commonly tend to show that a wife is maintaining her own home apart from that of her husband.   The evidence that after the accident she gave to her physician a history "of excessive nervousness for ten years, because of nervous excitement due to domestic difficulties," falls far short of proving that her husband had committed any marital wrong or that she was justified in living apart from him.   The evidence was

not sufficient to prove that on account of any misconduct of the husband the wife had established her own domicil, and the judge was right in not instructing the jury that there are exceptions to the general rule that the domicil of the wife is the same as that of her husband, and in not leaving to them the question whether the defendant had acquired a domicil different from that of her husband. *Hood* v. *Hood*, 11 Allen, 196, 199. *Kendrick* v. *Kendrick*, 188 Mass. 550, 555.

The plaintiff was not entitled to have the jury instructed in accordance with her sixth and seventh requests, which are based upon the theory that the defendant had the burden of proving that she was domiciled in Texas. The burden of proof on the question of domicil was upon the plaintiff. In order to recover on the cause of action alleged in her declaration, the plaintiff was required to prove that the defendant's automobile was illegally registered. *Conroy* v. *Mather*, 217 Mass. 91. *Bridges* v. *Hart*, 302 Mass. 239. *Burns* v. *Winchell*, 305 Mass. 276. There was no error in denying the eighth and tenth requests, as a judge is not required to grant a request that is based upon a portion of the evidence pertaining to one of the issues, *Gregory* v. *Maine Central Railroad*, 317 Mass. 636, 641, and neither is he required to tell a jury that they would be warranted on the evidence in making a finding in favor of the party making the request. *McGaffigan* v. *Kennedy*, 302 Mass. 12, 14. *Runels* v. *Lowell Sun Co.*, *ante*, 466, 475. The ninth request was an incorrect statement of the law. One does not lose his domicil by a temporary residence elsewhere. *Tuells* v. *Flint*, 283 Mass. 106, 109. The eleventh request was inapplicable to the case since, as already pointed out, the evidence was insufficient to show that the wife had a domicil different from that of her husband.

The defendant was a nonresident as defined by G. L. (Ter. Ed.) c. 90, § 1, if at the time she registered her automobile she had a domicil in Texas, and the fact that she was at that time living in a hotel in this Commonwealth would not render such registration illegal here. The question has been settled with a full citation of cases by *Rummel* v. *Peters*, 314 Mass. 504.

The plaintiff contends that the registration of the automobile in the name of Madge E. Walsh instead of in the name of Margaret E. Walsh, which was her real name, was insufficient under the law of Texas. The statutes of that State, Vernon's Texas St. 1936, art. 6675a-3, require an applicant for registration to "give his name and address in full." We assume, as have the parties, that the purpose of this statute, like our own, G. L. (Ter. Ed.) c. 90, § 2, is to furnish ready means for ascertaining the identity of the owner of the motor vehicle. *Topf* v. *Holland*, 288 Mass. 552. *Russell* v. *Holland*, 309 Mass. 187. There was no error in the instructions that registration in the name of Madge E. Walsh was sufficient if she was commonly and popularly known by that name in the community in which she lived. *Koley* v. *Williams*, 265 Mass. 601. *Bridges* v. *Hart*, 302 Mass. 239. *Puro* v. *Heikkinen*, 316 Mass. 262.

*Exceptions overruled.*