NEWELL POTTER PRICE v. ROBERT D. PRICE

SUPERIOR COURT     LITCHFIELD COUNTY     FILE No. 11659

Memorandum filed April 7, 1947.

*David Cramer,* of Litchfield, for the Plaintiff.

ALCORN, J. The plaintiff seeks a divorce upon the ground of intolerable cruelty. The complaint is dated May 23, 1946, and alleges that the cause of divorce arose after the plaintiff removed into this state in May, 1944. The action was not contested.

The parties were married in Massachusetts on June 29, 1940, and thereafter lived there and in Baltimore. In May, 1944, their furniture was stored and the plaintiff, with a son born on October 19, 1941, came to live at the home of her sister and brother-in-law in Lakeville, Conn. The defendant was then in the armed forces.

The plaintiff voted in Connecticut in 1946, paid the old age assistance tax here, filed an income tax here, and, at one time, owned an automobile which was registered here. At the time of trial the plaintiff's only property was a partial interest in an inheritance of an undisclosed nature in Massachusetts.

In October, 1946, the plaintiff left her child with her sister and went to live with friends in Boston. She has since lived there and is employed in Cambridge, Massachusetts. Since October, 1946, she has been in Connecticut but three times. The

first visit was over a weekend for her son's birthday in October. 1946, the second was a ten-day stay at Christmas, 1946, and the third was to attend the hearing of her divorce case at the end of February, 1947.

The defendant returned to the United States from overseas in October, 1945, and the plaintiff went to see him at Norfolk, Virginia. On that visit the defendant, for the first time, professed an infatuation for another woman. This declaration, repeated and amplified, and its claimed effect, physically and mentally, upon the plaintiff comprise the alleged intolerable cruelty. The defendant resides and practices law in Massachusetts and service was made on him by regisered mail.

Domicil and residence are not interchangeable terms and both are essential to jurisdiction of an action for divorce. *Marshall v. Marshall,* 130 Conn.655. "If the plaintiff shall not have continuously resided in this state three years next before the date of the complaint, it shall be dismissed unless the cause of divorce shall have arisen subsequently to the removal into this state . . ." General Statutes § 5181. The intendment of the last clause of the quoted language presents the issue in this case.

At the time of her marriage the plaintiff took her husband's domicil. *Mason v. Fuller,* 36 Conn. 160, 162. There is no evidence he was ever domiciled in Connecticut. The domicil thus obtained continues until a new one is acquired. *McDonald v. Hartford Trust Co.,* 104 Conn. 169, 177. The plaintiff could secure a domicil in her own right only when separated from her husband by reason of conduct on his part justifying such separation. *Torlonia v. Torlonia,* 108 Conn. 292, 296. There is no claim that the plaintiff was domiciled here before her marriage. There are no facts disclosed which would have entitled the plaintiff to obtain a domicil in her own right when she originally came to Connecticut in May 1944. It is not necessary to decide whether any conduct of the husband subsequent to October, 1945, would justify the plaintiff's acquisition of a separate domicil, because the evidence is not convincing that the plaintiff, even if free to do so, has indicated an attempt or intention to acquire a domicil in this state, her testimony that when she came to Connecticut she intended to remain permanently notwithstanding. She has no established home here but on the contrary she has been living and working outside the state for several months. *Foss v. Foss,* 105 Conn. 502. She did, however, satisfy the statute to the extent of remaining in the state until the action was brought. *Allan v. Allan,* 132 Conn. 1.

The situation established is simply that the plaintiff came here to stay with her sister and brother-in-law while the defendant was in the service, and, after the marital discord following his return, has left her child with them and returned to Massachusetts to live and work. That does not amount to a "removal into this state" within the meaning of § 5181. To sanction the dissolution of a marriage in our courts under such circumstances would open the flood gates to applicants for divorce from other states. Our conception of sound public policy will not countenance that course.

"If the parties both become inhabitants of this state, having their domicil here, and then the husband becomes habitually intemperate, treats his wife with intolerable cruelty, or commits adultery, a divorce may be granted, although there has not been a residence of three years within this state. In such case, the husband acts in violation of our laws, and becomes amenable for the consequences. But the husband, in this case, has never resided within this state, since the causes assigned for the divorce have arisen; and the wife herself has not resided here three years before the date of her petition. She has, therefore, not brought her case within the fair intendment and spirit of our statutes relating to divorces." *Sawtell* v. *Sawtell*, 17 Conn. 284, 287.

The court is without jurisdiction to grant a decree and consequently it becomes unnecessary to discuss the question whether the evidence in any event establishes intolerable cruelty within the legal meaning of that term.

Enter judgment dismissing the complaint for lack of jurisdiction.