### Louise B. Mowatt v. Gordon R. Mowatt

Superior Court     New London County     File No. 19434

Memorandum filed December 27, 1950.

*Griswold Morgan,* of New London, for the Plaintiff.

No counsel for the Defendant.

KING, J. The plaintiff and her husband were domiciled in Truro, Nova Scotia, until July 8, 1948, when she removed to Connecticut. She instituted suit for a divorce on April 12, 1950.

Her only jurisdictional allegation is that she "removed into . . . Connecticut on the 8th day of July, 1948 and has resided continuously therein since said date and the cause of divorce . . . arose after said removal".

The complaint alleges continuous desertion since October 1, 1943.

Under our statute desertion must continue for three years in order to constitute a ground for divorce. It follows that the plaintiff's cause of action did not arise, and could not have

arisen, subsequent to her removal into this state. On the contrary, it had matured around October 1, 1946, nearly two years prior to her removal into this state. If the period of desertion during the plaintiff's residence in this state is alone considered, it is admittedly less than the three years required for a divorce to be obtained on that ground.

The plaintiff tries to meet this dilemma by the claim that so much of the period of desertion occurring outside the state is to be disregarded as is necessary in order to reduce the total time of desertion prior to her removal into this state to a period of less than three years, under the theory that the cause of action in desertion would not then have arisen until after such removal. This argument is ingenious rather than persuasive. *Caruthers* v. *Caruthers,* 12 Conn. Sup. 216, 217; *Thesiger* v. *Thesiger,* 13 Conn. Sup. 44, 46. To prevail under it the plaintiff must construe the word "arose" as the equivalent of the word "matured." This of course cannot be done.

The plaintiff claims that *Sawtell* v. *Sawtell,* 17 Conn. 284, 286, is impliedly overruled by *Torlonia* v. *Torlonia,* 108 Conn. 292. While it is true that the last-mentioned case holds that adultery constituting a ground for divorce need not be committed in Connecticut, it does not hold that an adultery occurring prior to the removal into Connecticut can form the basis of a decree under the jurisdictional provision here relied upon. In that case the removal into this state occurred on December 24, 1925. Id., 295. The adultery relied upon occurred in May of 1926. Id., 302.

It is obvious that the present cause of action in desertion did not arise after the plaintiff's removal into this state but long prior thereto. It did not even mature or culminate after her removal into this state. There is nothing in *Torlonia* v. *Torlonia,* supra, which gives any support to the plaintiff's position.

It perhaps should be noted that the plaintiff will have resided in Connecticut three years on July 9, 1951. Nothing herein determines that she could not then obtain a divorce on the ground of desertion, since she would not then be dependent upon proof that the cause of action arose after her removal into this state.

For the foregoing reasons judgment should, and may, enter dismissing the petition for lack of jurisdiction.