Alma W. Wiley *vs.* Jason LaRue Wiley.

Suffolk.   October 2, 1951. — February 1, 1952.

Present: Qua, C.J., Wilkins, Spalding, & Williams, JJ.

*Jurisdiction*, Nonresident, Separate support, Child.   *Domicil.   Husband and Wife*, Separate support, Domicil.   *Probate Court*, Jurisdiction. *Minor.*

Upon a petition for separate support under G. L. (Ter. Ed.) c. 209, § 32, as amended, by a wife having a separate domicil of her own in Massachusetts, where minor children of the parties were also present, against a nonresident husband who was not served personally here and did not appear generally, the Probate Court had jurisdiction of the cause for all purposes other than a decree in personam for the payment of money against the respondent.

A finding that a married woman had acquired a separate domicil of ·her own in Massachusetts was justified by evidence that, after discord between her and her husband and ill treatment of her and minor children of the parties by him while they were residing in another State, she came with the children to Massachusetts to live with members of her family in the house where she had been brought up and had lived until her marriage, and that she intended to continue to live here.

Petition, filed in the Probate Court for the county of Suffolk on October 3, 1950.

The case was heard by *Dillon, J.*

*C. H. Amon, Jr., & T. L. Cross*, for the petitioner, submitted a brief.

No argument nor brief for the respondent.

Qua, C.J.   This petition is brought by a wife against her husband under G. L. (Ter. Ed.) c. 209, § 32, as amended by St. 1938, c. 136.   The petition describes the petitioner as of Boston and the respondent as of Rochester in the State of New York.   It contains the usual allegations that the respondent fails, without just cause, to furnish suitable sup-

port for the petitioner, and that she is living apart from him
for justifiable cause. The prayers are that the court pro-
hibit the respondent from imposing any restraint upon the
personal liberty of the petitioner, and that the court make
such further order as it deems expedient concerning her
support and the care, custody and maintenance of the two
minor children of the parties.

A citation issued upon the petition and was served upon
the respondent by publication and mailing as therein or-
dered. The respondent entered a special appearance "for
the sole purpose of contesting jurisdiction over the respond-
ent, who does not hereby appear generally or submit him-
self to the jurisdiction of the court." The trial judge, with-
out making specific findings of fact, entered a decree in these
words, "After a full hearing the court determines that it is
without jurisdiction and dismisses the within petition."
The petitioner appeals. The evidence is reported.

The record gives us no assistance as to the reasons which
led to the decision that the court was without jurisdiction.
Undoubtedly the Probate Court had jurisdiction in general
of proceedings under the statute. Under the rule of *Pen-
noyer* v. *Neff*, 95 U. S. 714, it did not have jurisdiction to
enter a decree in personam for the payment of money against
a nonresident not personally served here. But the scope of
the statute and the prayers of the petition go beyond the
matter of a decree in personam for money payments. They
comprehend a modification of the incidents of the status of
marriage, a determination that the wife is living apart from
her husband for justifiable cause, the prohibition of restraint
by the husband on the personal liberty of the wife, and the
care, custody and maintenance of minor children who are
present within this Commonwealth. That the court here,
upon substituted service, has jurisdiction over these matters,
if either party is domiciled within the Commonwealth, is
demonstrated by *Schmidt* v. *Schmidt*, 280 Mass. 216, and
*Welker* v. *Welker*, 325 Mass. 738, 741–742. See *Blackinton*
v. *Blackinton*, 141 Mass. 432; *Mosher* v. *Mosher*, 293 Mass.
105, 106; *Bowditch* v. *Bowditch*, 314 Mass. 410; *Cassen* v.

*Cassen,* 315 Mass. 35; *Heard* v. *Heard,* 323 Mass. 357, 365; *Conley* v. *Conley,* 324 Mass. 530, 532–533; *Williams* v. *North Carolina,* 325 U. S. 226. Since the provisions as to residence contained in G. L. (Ter. Ed.) c. 208, §§ 4, 5, relating to divorce, do not apply to proceedings under the separate support statute, it is immaterial whether the parties have ever lived as husband and wife in this Commonwealth or how long the domicil of one of them has been here. And, as is equally true in cases of divorce, the wife may acquire a domicil apart from that of her husband. *Blackinton* v. *Blackinton,* 141 Mass. 432, 435. Jurisdiction seems therefore to depend upon whether the wife has acquired such a domicil in this Commonwealth.

The evidence, in so far as it related to her domicil, consisted principally of the testimony of the petitioner. This testimony in substance was that at the time of the hearing she was living in the Jamaica Plain district of Boston with her two children and her mother and sister in the house owned by her mother in which the petitioner had been brought up and where she had lived except for the periods when she was away with the respondent as hereinafter appears; that she married the respondent at her home on January 6, 1944; that thereafter she lived with him in various places where he was assigned to duty in the navy and where his occupation required him to be after his discharge from the navy, until August, 1949; that during this period she returned to her mother's home in Boston from time to time while he was overseas and at other times for long visits; that her two children were born in Boston during such visits; that in August, 1949, she went to Rochester, New York, where the respondent had an assistant residency in surgery at a hospital; that at different times stated in the testimony, both before and after the parties went to Rochester, the petitioner and the respondent had had disagreements over the care and treatment of the children, one of whom was blind; that at Rochester in June, August and September, 1950, there were further altercations over the treatment of one or the other of the children on which occasions the

respondent had forcibly prevented the petitioner from attending to the needs of the children, had used excessive violence upon the blind child and upon the other child when ill, had assaulted the petitioner, and on one occasion had caused her arm to be sore for a month; that the petitioner's health was undermined by the nervous strain to which she was subjected; that within about a week after the last of the occasions mentioned above she left her husband and returned with the children to her mother's home in Boston; that she has a driver's license in Massachusetts; and that she intends to live in the future either in or around Boston.

There was no cross-examination of the petitioner. Her testimony was wholly uncontradicted. Some material portions of it were corroborated. So far as can be determined from the printed record this testimony was given in a clear and straightforward manner. There are no inconsistencies in it. There is nothing impossible about it. The story is that of a woman who had lived in Boston with the other members of her family until her marriage, and who, when her marital difficulties reached a climax, returned with her children to the home in Boston where her mother and sister still lived. This was the natural thing for her to do. Shortly thereafter she brought this petition, which in its very nature presupposes an expectation of continuing to live apart from her husband. After the conduct of the respondent described in the testimony, all that was necessary for a reacquisition by the petitioner of her former domicil in Boston was a return to it with the intention of remaining there indefinitely. See *Rolfe* v. *Walsh*, 318 Mass. 733, 735. We find it very difficult to think that the judge disbelieved the essential parts of the evidence, but if he did, we think he was not justified in so doing. In our opinion the petitioner had acquired a domicil of her own in this Commonwealth, and the court did have jurisdiction of the cause for all purposes except a personal judgment against the respondent for the payment of money. *Schmidt* v. *Schmidt*, 280 Mass. 216.

*Decree reversed.*