EDITH KATZ *vs.* GEORGE KATZ.

Plymouth. November 6, 1953. — December 10, 1953.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Husband and Wife,* Separate support. *Jurisdiction,* Nonresident, Separate support. *Probate Court,* Jurisdiction. *Trustee Process.*

By reason of G. L. (Ter. Ed.) c. 209, § 33; c. 208, §§ 12, 13, a proceeding for separate support under c. 209, § 32, as amended, in a county authorized by c. 209, § 34, could be maintained there notwithstanding c. 246, § 2, although a writ of attachment by trustee process issued under a prayer of the petition to attach funds of the respondent in

the hands of two banks and both banks had their places of business in another county. [637]

Upon a petition for separate support under G. L. (Ter. Ed.) c. 209, § 32, as amended, by a wife having a separate domicil of her own in Massachusetts against a nonresident husband who was not served personally here and did not appear generally, the Probate Court had jurisdiction of the cause for purposes other than a decree in personam for the payment of money against the respondent. [638–639]

Upon a petition for separate support under G. L. (Ter. Ed.) c. 209, § 32, as amended, by a wife having a separate domicil of her own in Massachusetts against a nonresident husband who was not served personally here and did not appear generally, the Probate Court did not have jurisdiction to enter a decree in personam ordering the respondent to pay weekly amounts for the petitioner's support, but would have jurisdiction to order that property of the respondent in Massachusetts attached on a writ of attachment issued in the proceeding be applied to the satisfaction of such weekly amounts. [639]

PETITION, filed in the Probate Court for the county of Plymouth on April 2, 1952.

The respondent appealed from a decree entered after hearing by *Stone*, J.

*Frank A. Cashman*, for the respondent.

*Nathan Richman*, for the petitioner.

COUNIHAN, J. This petition is brought by a wife against her husband in the Probate Court for the county of Plymouth under G. L. (Ter. Ed.) c. 209, § 32, as amended in a manner not here material. The petition describes the petitioner as of Brockton in the county of Plymouth and the respondent as of Lynn, Essex County. By amendment the name of the city "Lynn" was struck out and in place thereof the name of the city of "Gary," State of Indiana, was substituted. It contains the usual allegations that the respondent fails, without just cause, to furnish suitable support for the petitioner, that he has deserted her, and that she is living apart from him for justifiable cause. The prayers are that the court prohibit the respondent from imposing any restraint upon the personal liberty of the petitioner, and that the court make such order as it deems expedient concerning her support. The couple have no children.

There is a further prayer that a writ may issue to attach the goods and estate of the respondent to the value of

$5,000 in the hands and possession of the "Five Cents Savings Bank of Lynn" and the Essex Trust Company of Lynn. The court so ordered.

A citation issued upon the petition and was served upon the respondent personally in Gary, Indiana, by a deputy sheriff of Lake County, Indiana, as appears from his return. The writ of attachment was served upon the Essex Trust Company and upon the "Five Cents Savings Bank of Lynn," the correct name of which is the Lynn Five Cents Savings Bank, by a deputy sheriff as appears from his return. G. L. (Ter. Ed.) c. 209, § 33, as appearing in St. 1933, c. 360. G. L. (Ter. Ed.) c. 208, §§ 12, 13.

The amendment to the petition above referred to was allowed after service of the citation and the writ of attachment and after a special appearance and answer of the respondent.

The respondent by an attorney appeared specially and in his answer challenged the jurisdiction of the court because of G. L. (Ter. Ed.) c. 209, § 34.[1] By way of further answer he denied all of the allegations of the petition except that he was married to the petitioner. It appears from the original papers which have been transmitted to us under the provisions of G. L. (Ter. Ed.) c. 231, § 135, as amended by St. 1941, c. 187, that the banks named in the writ of attachment each filed a substantially similar answer which questions the jurisdiction of the court because of G. L. (Ter. Ed.) c. 209, § 34, and because of G. L. (Ter. Ed.) c. 246, § 2.[2] But see G. L. (Ter. Ed.) c. 209, § 33, and c. 208, §§ 12, 13, which authorize attachments to be made in the manner here followed. Each bank admits in its answer that it has an account standing in the name of George Katz

---

[1] "A petition under section thirty-two or thirty-six may be brought in the county where either of the parties lives, except that if the petitioner has left the county where the parties have lived together and the respondent still lives therein, the petition shall be brought in that county."

[2] "If, in an action, suit or proceeding commenced in the supreme judicial or superior court by trustee process, all the persons named in the writ as trustees dwell or have usual places of business in one county, the writ shall be returnable in such county; otherwise, it may be returnable in any county where any one of them dwells or has a usual place of business."

but whether he is the same George Katz as the respondent is unknown. A "motion to charge trustees" was filed but no action appears to have been taken upon it.

The judge entered a decree part of which reads, "It appearing to the court after a hearing that said petitioner for justifiable cause is actually living apart from her said husband, it being found by the court that the respondent has deserted the petitioner and left the Commonwealth of Massachusetts, and that the petitioner has taken up a permanent abode in Brockton and is a resident of that city, It is ordered that said George Katz pay to said petitioner for the support of herself the sum of fifty (50) dollars in each and every week hereafter until the further order of said court."

The case comes here upon an appeal by the respondent from this decree. There was no error in the entry of this decree upon the merits but it must be modified in certain respects as we shall hereinafter point out.

The evidence is not reported but there is in the record what is termed a "Finding of Fact" by the judge. We treat this as a report of material facts by the judge because it appears to embody all facts necessary to determine the issues here involved. *Goldston* v. *Randolph*, 293 Mass. 253, 255. In the absence of reported evidence the findings of the judge must be accepted as true. *Richards* v. *Forrest*, 278 Mass. 547, 551–552. *Rhoades* v. *Stringer, post*, 711. Compare *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 562.

Without reciting in detail all of the facts found by the judge in the decree and in his "Finding of Fact," we are satisfied that they amply support the conclusions of the judge as expressed in the decree that the petitioner had acquired a domicil in Brockton, that the respondent had deserted her and was living in Gary, Indiana, that the petitioner was living apart from the respondent for justifiable cause, and that she was entitled to support from him. "That the court here, upon substituted service, has jurisdiction over these matters, if either party is domiciled within the Commonwealth, is demonstrated by *Schmidt* v. *Schmidt*,

280 Mass. 216, and *Welker* v. *Welker,* 325 Mass. 738, 741–742." *Wiley* v. *Wiley,* 328 Mass. 348, 349.

The wife may acquire a domicil apart from her husband. *Rolfe* v. *Walsh,* 318 Mass. 733, 735. *Wiley* v. *Wiley, supra,* at page 350.

But under the rule in *Pennoyer* v. *Neff,* 95 U. S. 714, the court does not "have jurisdiction to enter a decree in personam for the payment of money against a nonresident not personally served here." *Wiley* v. *Wiley, supra,* at page 349. That part of the decree here which provides for the payment of money by the respondent to the petitioner until further order of the court appears to be a decree in personam and we are of opinion that as such the court had no power to enter it.

However, the court does have power to enter a decree for the payment of money for support by a nonresident if his property within the Commonwealth has been attached. But he can be made to respond to the satisfaction of such a decree only to the extent of the amount and value of such property. *Schmidt* v. *Schmidt,* 280 Mass. 216, 220. *Welker* v. *Welker,* 325 Mass. 738, 742. *Pennoyer* v. *Neff,* 95 U. S. 714, 723.

Other contentions urged upon us by the respondent appear to be without merit so we do not pause to discuss them.

It does not appear in the record how much property of the respondent, if any, has been caught by the attachment of funds of the respondent in the banks upon which service was made. The cause is therefore remanded to the Probate Court for further proceedings to determine, by way of passing upon the "motion to charge trustees" or otherwise, the amount of money caught by such attachment, and when that is determined the decree is to be modified so as to provide that only such property shall be held to respond to and be applied to the satisfaction of that part of the decree which orders the respondent to pay the petitioner the sum of $50 a week for her support. If upon further proceedings in the Probate Court it shall appear that no money or prop-

erty has been caught by the attachment, then the decree is to be modified by striking out that part which orders the respondent to pay any money to the petitioner for her support. As so modified the decree is affirmed.

Costs and expenses of this appeal may be allowed to the petitioner or her counsel in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 208, § 38, as appearing in St. 1933, c. 288.

*So ordered.*