CARLOTTA E. MCISAAC *vs.* JORDAN B. PECK, executor. April 6, 1972. On a petition for an execution for unpaid separate support payments a probate judge concluded that the court was without jurisdiction and allowed a motion to dismiss, together with other ancillary motions, appeals from which actions are now before us. It appears from the judge's report of material facts that the execution was sought against assets in the hands of the executor of the estate of the petitioner's deceased husband. On August 11, 1949, the petitioner had obtained in the Probate Court for Suffolk County a separate support decree ordering her husband to pay her $25 a week. There-

after, he discontinued payments under the order and left Massachusetts. He died on August 9, 1970, a resident of Dade County, Florida. Notice of this petition for an execution was served by certified mail upon the executor in Florida. The deceased husband had no Massachusetts assets but the petition alleges substantial Florida assets now in the hands of the Florida executor, and arrears in support payments in excess of $24,000. There was no error. The court lacked jurisdiction to enter a decree for the payment of money. *Wiley* v. *Wiley,* 328 Mass. 348, 349. *Katz* v. *Katz,* 330 Mass. 635, 639. See *Pennoyer* v. *Neff,* 95 U. S. 714; G. L. c. 227, § 1; G. L. c. 246, § 1. The action of the judge taken on the special appearance of the respondent contesting the jurisdiction of the court was correct. It follows that the several decrees of the Probate Court are to be affirmed.

*So ordered.*

The case was submitted on briefs.

*Casper T. Dorfman, George H. Howard, & Joseph D. Clancy* for the petitioner.

*G. K. Richardson* for Jordan B. Peck, executor.